## Betts *against* Hoyt.

13  469
68  373

After the trial of a cause to the jury, a verdict for the plaintiff, and an arrest of judgment for the insufficiency of the declaration, an amendment of the declaration will not, in ordinary cases, be allowed.

But it seems, that if it be shewn, that a serious and irretrievable loss will result to the plaintiff from a refusal of the amendment, beyond the loss of a bill of costs, and the expense and delay of commencing and prosecuting another action, the court, in the just exercise of its discretionary power, will allow the amendment.

This was an action on a promissory note. The declaration alleged, that the defendant, in and by a certain writing or note, by him well executed, dated the 20th day of *June*, 1838, promised the plaintiff, for value received, to pay him the sum of 213 dollars, with interest ; as by said writing or note, ready in court to be produced, will appear ; nevertheless, the defendant, his said promise and undertaking not regarding, hath never performed the same, nor paid said sum of money, or any part thereof, though often requested and demanded so to do.

The defendant pleaded *non-assumpsit ;* and on that issue, the cause went to the jury, who returned a verdict for the plaintiff, for 236 dollars, 53 cents, damages. The defendant moved in arrest of judgment, on the ground of the insufficiency of the declaration, in this, *viz.* that it did not appear, by

*Fairfield,*
*June, 1840.*

Betts
*v.*
Hoyt.

the averments thereof, that the promise set forth therein, had been, at the commencement of this action, broken, by the defendant; nor at what time the money, by such promise payable, was, by such promise, due or demandable. The court adjudged the motion sufficient; and judgment was arrested accordingly.

The plaintiff thereupon filed a motion for liberty to amend his declaration, by inserting therein next after the words "promised the plaintiff, for value received, to pay him the sum of 213 dollars, with interest," these words, *viz.* "on demand." The defendant objected to this motion, claiming that no such amendment could, at this time, be legally made.

The questions arising on this motion, were reserved for the consideration and advice of this court.

*Bissell* and *Butler*, in support of the motion to amend, contended, 1. That it was within the discretionary power of the court to allow the amendment. The only limitation of the power, as to the payment of costs, is, that "that such amendment shall not change the *form* or *ground* of the action." *Stat.* 45, 6. (ed. 1835.) It will not be claimed, that the amendment in question would have this effect. From the nature of the case, the suit must also be *pending;* otherwise, the court has no controul over it. But this suit is unquestionably pending; for final judgment has not been rendered. The verdict has been set aside; and the cause is open for ulterior proceedings. *Phelps* v. *Sanford, Kir.* 343. *Hobby* v. *Mead*, 1 *Day* 206.

2. That upon principle, the amendment asked should be allowed. It will be for the furtherance of justice, and will save litigation. The court may impose such terms as it deems proper. Had the defendant demurred, as he might have done, it would be according to our settled practice to allow the amendment. Shall he be permitted to deprive the plaintiff of this benefit, by going to trial upon a bad declaration? Why may not the declaration be amended, as well as any other part of the record?

3. That according to the practice in *England,* and in our sister states, the amendment in question is allowable. *Tomlinson* & al. v. *Blacksmith,* 7 *Term Rep.* 132. *Com. Dig. tit.* Amendment. (2 A.) *Sargeant* v. *Dennison,* 2 *Cowen* 515.

*Pease* & al. v. *Morgan,* 7 *Johns. Rep.* 468.     *Miller* v. *Watson,* 6 *Wend.* 506.    *Hoffnagle* v. *Leavitt,* 7 *Cowen* 517. *Rees* v. *Overbaugh,* 4 *Cowen* 124.    *Stanwood* v. *Scovil,* 4 *Pick.* 422.    *Clark* v. *Lamb,* 8 *Pick.* 418.

*Fairfield,*
June, 1840.
—————

Betts
*v.*
Hoyt.

*Hawley* and *Dutton,* contra, insisted, 1. That the settled practice in this state was opposed to the motion. Such an amendment has never, in fact, been allowed.

2. That it is not authorized, by a fair construction of our statute. A cause which has been passed upon, by the jury, is not within the purview of that statute. For this purpose, at least, it is not *pending.*

3. That the authority of Ch. J. *Swift* was decisive on this point. 1 *Sw. Dig.* 779. Such was the settled law, when he wrote ; and such it has been considered, ever since.

4. That such an amendment is against public policy. A plaintiff ought not to have the chance of two trials, on substantially the same ground of action. The law will not lend its aid to such a speculation. As our courts have not adopted the practice of *imposing terms,* (except the payment of costs,) they are without the means of guarding against abuse, which exist elsewhere.

CHURCH, J. The allowance, or disallowance, of amendments, is within the discretionary power of the courts, in the absence of statute regulations. The time, beyond which an amendment may not be allowed, has not been prescribed, by any statute of this state. At common law, amendments of pleadings have been permitted, at any time before judgment. *Co. Litt.* 280. 1 *Petersd. Abr.* 504. 539. *a.* And the same has been permitted, in special cases, in the state of *New-York,* and by the courts in other states. 18 *Johns. Rep.* 510. 2 *Cowen* 515. 4 *Cowen* 124. 7 *Cowen* 483. 518.

In this state, the courts, in the exercise of their discretionary power, in ordinary cases, have refused to sanction amendments of pleadings, after they have been adjudged insufficient, upon motion in arrest. 1 *Sw. Dig.* 779. And the present motion discloses nothing, which should induce us to depart from established practice, in such cases : and by doing so, we fear we might encourage a negligence and laxity in pleading and practice, which would prove very incon-

venient, both to the bar and the court ; and we must, there-fore, advise the superior court to deny this motion.

But, at the same time, had the motion set forth facts, which had satisfied us that a serious and irretrievable loss would have resulted to the plaintiff, from a refusal of this amend-ment, beyond the mere loss of a bill of costs, and the expense and delay of commencing and prosecuting another action ; such as a loss of the debt, by the operation of the statute of limitations, or discharge of the lien created by attachment, &c. ; we should have believed, that a just exercise of the discretionary power of the court, would have sanctioned the amendment prayed for.   In the case of *Aubeer* v. *Barker*, 1 *Wils.* 149., the court said, that it was a rule of that court, that a new count could not be added, after two terms ; and yet this had been permitted, to prevent the loss of the debt, by the statute of limitations.   The Duke of *Marlborough's* exrs. v. *Widmore,* 2 *Stra.* 890.   1 *Petersd. Abr.* 531.   *Dart-nall* v. *Howard* & al., 2 *Chitt. Rep.* 28.

In this opinion the other Judges concurred.

Amendment not allowed.