## ALFRED NORTH vs. BARAK T. NICHOLS.

In assumpsit for rent, a verdict obtained by the plaintiff in the Superior Court
having been set aside by the Supreme Court in October, 1870, on the ground
that assumpsit would not lie upon the lease, which was an indenture under
seal, the plaintiff at the October term, 1871, moved to amend by filing two
new counts, one in covenant and the other in debt, upon the same indenture.
It appearing that the defendant lived out of the state and had no property in
the state except that attached in the suit, and that since the decision of the
Supreme Court negotiations had been pending between the parties for a set-
tlement, the Superior Court allowed the amendments on payment of costs.
Held—

1. That it was no objection to the amendments that they changed the form of
action, such amendment being authorized by Gen. Statutes, tit. 1, sec. 125.
2. That they did not change the ground of action.
3. That the allowance of the amendments at so late a stage of the proceedings
rested in the legal discretion of the court, and that the court exercised that
discretion properly.

ASSUMPSIT, for the rent of leased premises; brought to the
Superior Court in Fairfield County. The lease was an inden-
ture under the seals of both parties, and a verdict obtained
by the plaintiff at the March term of the court, 1870, was
set aside by this court in October, 1870, upon the defendant's
motion for a new trial, on the ground that such a lease would

not support the action of assumpsit. (37 Co͡n
At the October term of the Superior Court in 1871, t͡h
tiff moved to amend his declaration, and filed for the purp
two new counts, one in covenant and one in debt, upon the
same indenture of lease. The motion was heard at the Au-
gust term of the court in 1872, before *Pardee, J.*, the defend-
ant claiming that the amendments ought not to be allowed,
because they changed the form and ground of the action,
and were offered too late. It was claimed by the plaintiff
and admitted by the defendant that the defendant resided out
of the state, that property belonging to him in this state had
been attached upon the writ, and that he had no other
attachable property within the state; and that from the time
of the decision of this court in the case to that of filing the
amendments negotiations for a settlement of the case had
been going on between the parties. The court allowed the
amendments to be made upon payment of costs, and a ver-
dict having been rendered for the plaintiff, the defendant
moved for a new trial for error in this ruling of the court.

*Thompson*, in support of the motion.

*Child*, contra.

BUTLER, C. J. Neither of the three objections urged in
the court below against the allowance of the amendments,
was sufficient.

1. Under our original and general statute relative to
amendments, the first objection would have been tenable; for
the amendments contemplated the addition of counts in debt
and covenant and changed the form of the action. But by a
somewhat recent and special statute, a joinder of such counts
in a declaration is authorized, and the general statute is suf
ficiently broad to permit the addition, by way of amendment,
of anything which could have been originally inserted in the
declaration.

2. The amendments did not change the ground of the action.
The original ground of the action was an indebtedness for

rent, which became due at a specified time, and the cou..¹ added by way of amendment were framed for the recovery ot the same indebtedness and the same rent.

3. The motion to amend was not too late. In *Betts* v. *Hoyt*, 13 Conn., 469, this court clearly intimated that in an extraordinary case after trial and the filing of a motion in arrest, where it appeared that the plaintiff would lose his debt if an amendment was denied, it should be allowed. In that case the amendment was in fact allowed, on a new motion showing such danger of loss, and by one of the judges who sat upon and concurred in the decision of the Supreme Court. That case is a sufficient precedent for this. Here the motion to amend was grounded on such danger, and the facts alleged in it were admitted by the defendant. It is clear therefore that the amendment was within the legal discretion of the court below, and that the discretion was properly exercised.

A new trial should be denied.

In this opinion the other judges concurred; except FOSTER, J., who did not sit.