68 369
69 555
68 369
73 17
68 369
75 45
75 313

# THE TRUSTEES OF DONATIONS AND BEQUESTS FOR CHURCH PURPOSES vs. THE PARISH OF CHRIST CHURCH.

Third Judicial District, Bridgeport, October Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js

The refusal of the trial court to allow a defendant to amend his pleadings by filing a cross-complaint after this court had upon reservation advised what judgment should be rendered, but before such judgment had been actually entered up in the lower court, is matter of discretion, and not reviewable on an appeal in the nature of a writ of error.

[Argued October 27th—decided December 1st, 1896.]

ACTION brought to the Superior Court in New Haven County by a trustee for advice as to its duties and reserved upon a finding of facts for the advice of this court. After judgment upon the reservation, and before judgment in the Superior Court, the defendant filed an amendment in the nature of a cross-complaint ; upon motion, the court, *Prentice, J.*, struck out the cross-complaint and rendered judgment as advised by this court, from which judgment the defendant appealed for alleged errors apparent on the record. *No error*.

In 1885, in pursuance of the laws of this State relating to the Protestant Episcopal Church in the United States of America, the defendant conveyed land on which its church edifice and rectory stood, to the plaintiff by a deed of trust, whereby the legal title was vested in the plaintiff, to preserve from diminution the fund so appropriated for the maintenance of public worship, and the beneficial use, control and management was secured to the defendant. In 1895, the defendant had commenced the erection of a new church edifice on the land conveyed, and, for the purpose of compelling the plaintiff to reconvey the legal title, brought a complaint in equity to the Superior Court, praying a reconveyance or a decree vesting the title in the defendant. The court rendered judgment for the present plaintiff, and dismissed the complaint. The facts on which the judgment

was founded, as set forth by the court in the record, showed that the trust deed was executed by the parish corporation in pursuance of a vote to that effect, duly passed at a meeting legally warned; that the deed was not—as claimed by the parish—given as a mortgage nor as security for a loan, and that there was not—as claimed by the parish—any agreement or understanding between the parties respecting the purpose or character of the trust deed, other than that set forth in the deed itself. From this judgment the parish appealed to the April, 1896, term of this court, alleging that the judgment was an erroneous conclusion of law from the facts found, and also errors in the admission of evidence, which entitled the parish to a new trial. This court found no error and affirmed the judgment. Pending the appeal the present plaintiff brought this action to the Superior Court, reciting the execution of the trust deed, the judgment of the court and pending appeal in the former action, its willingness to reconvey the property even if the parish is not legally entitled to demand a reconveyance, if it may do so consistently with its duties as trustee; and praying the court to advise and order whether the plaintiff may make an unconditional reconveyance of the land without a violation of its duty as trustee. To this complaint the parish answered, admitting all the material facts alleged, making the record in the former case a part of its answer, and repeating the claims made by the parish in the former action, and claiming by way of counterclaim that the plaintiff should be advised that the alleged cloud on the title of the parish should be removed, and that the plaintiff quitclaim to the parish. By agreement of counsel the court made a finding, and reserved the questions arising thereon for the advice of this court. The reservation was argued with the appeal in the former action, and the Superior Court was advised to render judgment that the plaintiff could not make an unconditional reconveyance, consistently with its duties as trustee. (67 Conn. 554.) Before the judgment so advised was entered up in the Superior Court, the defendant parish filed a cross-complaint, alleging that it was not stated in the call

for the parish meeting which passed the vote authorizing the execution of the trust deed, that the meeting was called for the purpose of passing such a vote, and also setting up substantially the same claims which had been passed upon in the action brought by the parish, and repeated in its answer in this action. On motion the Superior Court (*Prentice, J.,*) ordered the cross-complaint to be stricken out, and rendered judgment as advised by this court. From this judgment the plaintiff appealed, claiming error apparent on the record in the refusal of the court to allow the cross-complaint.

*Charles H. Fowler*, for the appellant (defendant).

Section 1114 of the General Statutes concerning reservations for advice, was not intended to bar parties from being heard on the real facts. *Nichols* v. *Bridgeport*, 27 Conn. 459, 467; *Lord* v. *Litchfield*, 36 id. 116, 130. It is not claimed in plaintiff's motion that the matters alleged in our cross-complaint have been "argued and decided" in a former hearing. Even if they had been, the court, upon reasons shown, will allow a rehearing. *Smith* v. *Lewis*, 26 Conn. 110, 117; *New Haven & N. Co.* v. *State of Conn.*, 44 id. 376, 391; *Maltby's Appeal*, 47 id. 349, 361. The court will not bar us of a hearing "upon facts which are not necessarily implied by the former decision." *Sargent & Co.* v. *New Haven Steamboat Co.*, 65 Conn. 116. Section 1027 of the General Statutes authorizes an amendment at any stage of the trial; it is therefore in time if filed before final judgment. This court has found that the question whether "the parish vote authorizing the deed (in question) was passed at a meeting legally warned for that purpose, is a matter entirely outside the record." *Trustees, etc.* v. *Christ Church*, 67 Conn. 564.

*Henry C. White*, for the appellee (plaintiff).

If the court had power to permit defendant to file its cross-complaint at that stage of the case, such power was discretionary. Gen. Stats. § 1027; *McAlister* v. *Clark*, 33 Conn. 253, 257; *Gulliver* v. *Fowler*, 64 id. 556, 565; *Hollis-*

ter v. *Hollister*, 38 id. 178, 180. No error can be predicated upon an exercise of discretionary power. *Merriam* v. *Langdon*, 10 Conn. 460, 472, 473; *Chapman* v. *Loomis*, 36 id. 459, 460. After a party has been fully heard it cannot introduce an issue which it could have presented at such hearing. *Fowler* v. *Bishop*, 32 Conn. 199, 204, 205; *Clapp* v. *Hartford*, 35 id. 220, 222; *Tyler* v. *Hamersley*, 44 id. 393, 414, 415; *Ives* v. *East Haven*, 48 id. 272, 286.

HAMERSLEY, J. The Practice Act affects mere matters of form in equity, as well as in common law pleadings. The complaint is in form the same, whether the cause of action is a legal or equitable one, and in each case the pleadings of the defendant include not only denials and matters in avoidance, but counterclaims and cross-complaints in the nature of cross-bills in equity; so that the filing of a cross-complaint after the pleadings have been closed, is an amendment of the pleadings.

The refusal of the trial court to allow the defendant to amend his pleadings by filing a cross-complaint after this court had upon a reservation advised what judgment should be rendered, but before the judgment was actually entered up, is subject to the same rule that would govern such action after judgment rendered. *McAlister* v. *Clark*, 33 Conn. 253, 257. The power of the court to disallow such amendment is unquestionable. Since the Act of 1821 *de* amendments, any proper amendment of pleadings has been a matter of right; yet it is a right whose limits are to be determined in connection with the power of the court to control the time and order of pleadings, so far as may be necessary to compel the parties to reach a final issue within a reasonable time,— a power recognized by statute, and essential to the performance of the inherent functions of a court of justice. "An amendment of the pleadings, when the case is on trial, and the evidence partly in, is never a matter of absolute right;" *Gulliver* v. *Fowler*, 64 Conn. 556, 565; *a fortiori* is this so when the amendment is not offered until after trial and judgment. While the allowance of an amendment is in general

discretionary, the action of a trial court may be subject to review where it is determined rather by a construction of the rules limiting the right to amend, than by considerations affecting discretion in a case where the absolute right of amendment does not exist. In this case the defendant had no absolute right to amend; the action of the trial court in refusing to receive the cross-bill was purely a matter of discretion. Such discretion cannot be reviewed on this appeal, which is in the nature of a writ of error. *Betts* v. *Hoyt*, 13 Conn. 469, 470; *Camp* v. *Waring*, 25 id. 519, 527; *Hoyt* v. *Smith*, 27 id. 467, 470; *North* v. *Nichols*, 39 id. 355; *Hotchkiss* v. *Hoy*, 41 id. 568, 574; *Taylor* v. *Keeler*, 51 id. 397, 398; *Gulliver* v. *Fowler*, *supra*.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.