CHARLES OHLIN *vs.* MAX KOWNER ET ALS.

Third Judicial District, Bridgeport, April Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Amendment of the complaint during trial, to conform to the proof offered, is a privilege long secured by statute (§ 5666), but it is coupled with the right of the defendant to have a reasonable time to file an amended answer.

In the present case the plaintiff brought an action to foreclose a mechanic's lien, claiming that he furnished materials and rendered services in the construction of a building pursuant to a contract with the owner. After the action was returned to court the complaint was amended to show that the mechanic's lien had been dissolved upon the substitution of a bond, and to claim only damages. The surety on the bond was not made a party. An answer was filed in which several defenses were based in part upon the allegation that the plaintiff's contract was with the principal contractor and not with the owner. This allegation the plaintiff admitted in his reply, and during the trial he asked for leave to amend to make his complaint conform thereto. The trial court allowed the amendment, against objection, and denied the defendants' request for time to prepare and file a demurrer; but

gave them time to redraft their answer. The defendants then presented an answer which admitted the plaintiff's new allegation, but did not in substance change the issues previously raised, and the court permitted the answer to be filed after there were struck from it statements to the effect that the defendants were compelled to answer and did not admit the sufficiency of the complaint. The court submitted the case to the jury, construing it, as did the parties, as an action on a bond substituted for a mechanic's lien, and the jury returned a verdict for the plaintiff, which the court declined to set aside. *Held* that there was nothing erroneous in any of the actions of the court.

The refusal to permit the filing of a demurrer to an amended complaint by defendants who had waived their right to demur to the original complaint by filing an answer, where their subsequent conduct shows plainly that a demurrer would not have promoted the determination of the controversy, is within the discretion of the trial court under its power, given by § 5666 of the General Statutes, to restrain alteration of the pleadings so far as may be necessary to compel the parties to proceed with the trial in a reasonable time.

While facts proved but not averred cannot be made the basis of a recovery, yet facts alleged in any part of the pleadings and proved will always make a basis for a verdict and judgment for one party or the other; and proof of a fact material to one party's case may be extracted from the other's evidence.

Argued April 20th—decided June 1st, 1921.

ACTION to foreclose a mechanic's lien, and for damages, brought to the Court of Common Pleas in New Haven County where the alleged lien was dissolved (*Simpson, J.*) upon the substitution of a bond with surety, and the cause was afterward tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $252, from which the defendants, obligors in the bond, appealed. *No error.*

This action was returned to the Court of Common Pleas on the first Tuesday of December, 1919. The complaint then alleged that the defendant Mary Friedman was the owner of land on which stands a building in the construction of which the plaintiff had furnished materials and rendered services "under an agreement with the defendant Mary Friedman, through her

authorized agent"; that he began so to do March 8th, 1918, and ceased May 11th, 1918; that $227 was due him; that on June 11th, 1918, he served notice of his intention to claim a mechanic's lien, on the defendant Mary Friedman, and on the same day lodged a certificate of such lien, in writing and properly made and signed, with the town clerk of the town in which the building is situated; that seven other defendants claimed to have liens on this land of Mary Friedman subsequent to the plaintiff's lien; that the defendant Mary Friedman had conveyed this land to the defendant Max Kowner by warranty deed dated June 12th, 1919; and that she and Kowner were still in possession of the premises. The plaintiff claimed $300 damages, a foreclosure of the mechanic's lien, immediate possession of the premises, and such other relief as equity might grant. After the action had been returned to court, the plaintiff filed an amendment to his complaint, on January 6th, 1920, setting forth that, on motion of the defendant Kowner, a judge of the Court of Common Pleas had "made an order dissolving said mechanic's lien and approving in lieu thereof a bond in the penal sum of $400, wherein said defendant Mary Friedman is principal and Harry Spievack of New Haven is surety, which bond is conditioned for the payment of such amount as this court may adjudge to have been secured by said lien." All claims for relief except for damages were struck out. On January 23d, 1920, the court made an order dropping the seven subsequent lienors as codefendants. Harry Spievack, the surety on the bond, was never made a party defendant.

An answer was filed February 5th, 1920, denying that the plaintiff had furnished materials and rendered services under an agreement with the defendant Mary Friedman, and that anything was due therefor, and in effect admitting the other allegations of the complaint.

The answer also set up a second, third, and fourth defense, as follows:—

Second, that the plaintiff had made a written contract with one Flauman, who then was the contractor for the construction of the building referred to in the complaint, to furnish materials and work therein, and a copy of the contract was annexed as Exhibit A; that the plaintiff did this work so poorly that it was of no value; and that Flauman had paid the plaintiff already more than the services and materials were worth.

Third, that the plaintiff had not filed a mechanic's lien within sixty days after he ceased to perform services and furnish materials in the building.

Fourth, that at the time the plaintiff made the contract with Flauman mentioned in the second defense, the defendant Mary Friedman was the owner of and Flauman the original contractor for the building to be erected; that the plaintiff served no notice of intention to claim a lien on Mary Friedman's premises before she had paid to Flauman in good faith all that was due to him on account of the services and materials furnished by him. This answer is subscribed "Mary Friedman, Harry Spievack, by their Attorney, C. S. Hamilton."

The plaintiff filed his reply February 20th, 1920, in which he admitted the allegations in the second defense that the contract he had made was made with Flauman, as shown in Exhibit A, denied that his work was poorly done, and that he had been paid for it. He also denied that his claim had not been filed within sixty days after he ceased to furnish materials, and that Mary Friedman had paid Flauman in full and in good faith before notice of his intention to claim a lien was served on her.

Upon the issues thus made the trial was begun. After the plaintiff had introduced a considerable part of his evidence, he asked leave to file an amendment to his complaint by striking out the paragraph which alleged

that his contract was made with Mary Friedman, and substituting the following: "2. The plaintiff furnished materials and rendered services in the construction of a house on said land under an agreement on February 25, 1918, with S. B. Flauman, who was the principal contractor for the construction of said house, to the value of $377."

This the court allowed notwithstanding the objections of defendants. Then they asked to be allowed time to prepare and file a demurrer to the complaint thus amended. The court refused this request, and the defendants excepted to these rulings. They then asked for time in which to redraft the whole answer and change the defenses into a different form. The court having granted this request, the defendants presented a draft of an answer beginning with the following paragraph: "These defendants, being compelled to answer to said complaint as amended by leave of the court on March 23, 1920, and not hereby admitting the sufficiency of the allegations thereof, answer as follows:"

The court refused to permit this answer to be filed until this paragraph had been struck out; and the defendants, excepting to this ruling, struck out this paragraph, and the answer then was filed. Therein the defendants admitted the allegation in the substituted paragraph two of the complaint that the plaintiff's contract was made with Flauman, and denied that his work and materials were of any value. In every other particular this amended answer was identical in substance and form with the original answer filed February 20th, 1920, excepting that a fifth defense was added which related to the claims of subcontractors under the statute regulating the rights of lienors.

Thereupon the plaintiff filed a reply denying this added defense, and in other respects the same as his former reply.

The trial then proceeded, the parties were fully heard, and the cause submitted to the jury upon the issues then on file. They found these issues for the plaintiff. The defendants filed a motion to set aside this verdict and a motion in arrest of judgment, which were denied.

In the caption of the judgment-file are stated the name and residence of each of the original defendants, including the lienors who were dropped as codefendants on January 23d, 1920, but the name of Harry Spievack does not appear.

*Charles S. Hamilton*, for the appellants (defendants).

*James D. Hart*, for the appellee (plaintiff).

BURPEE, J. With the pleadings as they were first drafted, the trial began and proceeded until the plaintiff had proved that his contract had not been made with the defendant Mary Friedman, but with Flauman, the original contractor. Then he asked leave to amend his complaint to conform to this fact. Such an amendment was a privilege secured by statute since 1821 (*Trustees, etc.* v. *Christ Church*, 68 Conn. 369, 372, 36 Atl. 797), and now recognized in § 5666 of the General Statutes. But it is coupled with the right of the defendant to have a reasonable time to file an amended answer. In this case the defendants were allowed the time they asked for, and all that their new answer indicates that they needed.

At the same time they asked for time to file a demurrer. They did not state their reasons, and we find none in the amended complaint which did not appear in the first complaint, to which the defendants had before had the opportunity to demur and had waived their right by filing an answer. If the complaint was insufficient to support the cause of action, its deficiencies

were supplied by the answer. If the facts proved by the plaintiff on the trial under the allegations of the complaint should not make a basis of recovery, the defendants could, after the plaintiff had rested his case, ask for a nonsuit or a directed verdict in their favor. If they should prefer to finish the trial upon the issues framed by the complaint and by their answer, as their original answer indicated that they intended to do, sufficient facts were set out in these pleadings to constitute a good cause of action under the statutes regulating the subject in question; and the result would be determined by the preponderance of the evidence. In the circumstances, it was within the discretion of the trial court to restrain alteration of the pleadings so far as might be necessary to compel the parties to proceed with the trial in a reasonable time. General Statutes, § 5666. It refused, in this condition of the proceedings, to continue the case for an unnecessary purpose. It is true that "facts proved but not averred cannot be made the basis of a recovery." *Stein* v. *Coleman,* 73 Conn. 524, 529, 48 Atl. 206; *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, 111 Atl. 788. But facts alleged in any part of the pleadings and proved will always make a basis for a verdict and judgment for one party or the other. The form and substance of the amended answer then filed, and the conduct of the defense thereafter, demonstrated plainly that a demurrer would not have promoted the determination of the controversy. This ruling was well within the discretion of the court.

The court properly refused to accept the new answer while it began with the objectionable paragraph with which it was first introduced, and which was not in fact a part of the answer. Nor was it error to compel the defendants to go on with the trial after this answer had been filed. They asked for no delay or continuance, and it appears clearly in the record that they needed none.

It is evident that the peculiarly framed pleadings in this action were construed by the trial court and by the counsel as an action against the principal and surety on a bond substituted for a mechanic's lien. It is true that the plaintiff made an amendment to his complaint, alleging the dissolution of the lien and the approval of the bond in lieu thereof, and dropped his claim for foreclosure and all of the defendants described in the original complaint except Mary Friedman and Max Kowner. The latter is the owner of the land to which the lien attached, and for that reason only had an interest in the action when it was commenced; but he had no interest in an action on the bond. On the other hand, Harry Spievack, the surety on the bond, had an interest in any action on the bond; but he was not joined as a party defendant, nor is he named in the judgment from which this appeal is taken. Under their construction of the action, however, the case was tried and the defendants' requests to charge and the charge itself were shaped. Perhaps, therefore, it is enough for the purpose of this appeal to concede that the pleadings and the evidence presented certain questions of fact for the jury to decide and that upon their verdict a judgment might be rendered. Some of those questions are the subjects of the defendants' requests to charge and are stated sufficiently in the charge. Others are expressed fully and correctly in the parts of the charge assigned as erroneous in the reasons of appeal. Considered in the light of the court's conception of the nature of this action, in which the counsel for both parties agreed, we think the charge contained ample and accurate instructions concerning the issues of facts made by the pleadings, the burden of proof, and the principles of law and the provisions of the statutes by which the jury must be controlled in deciding upon a verdict.

Without access to the defendants' evidence, it is not

possible for us to say that the admission of the testimony of the witness Reilly was erroneous.    It was admitted for a proper purpose, and the record does not show that it was unfairly prejudicial to the defendants in any respect.

At the opening of the court on the first day of this term, the defendants filed a motion to correct the finding of the trial court.    They object to a statement made therein that the plaintiff introduced certain evidence "as a part of his original case," and they submit a certified transcript of the official stenographer's notes of all the plaintiff's evidence in presenting his case and certain depositions to support their objection. But it appears that the trial court did not find that the plaintiff introduced this evidence objected to "as a part of his original case."    The finding is that at some time during the trial the plaintiff "offered evidence to prove and claimed to have proved " certain facts, and among them the one to which the defendants refer.    It is possible that the evidence to prove that fact was extracted from the defendants' evidence.    It was a material fact in the plaintiff's case, and the court instructed the jury that the burden was on him to prove it.    It does not matter from what parts of the evidence the jury accumulated enough to make a preponderance on the plaintiff's side.    The motion to correct is denied.

We are not called upon to decide what effect, if any, may result from irregularities or omissions in the proceedings, or in the judgment-file in this action, which are not specified in the reasons of appeal.

There is no error.

In this opinion the other judges concurred.