JULIA BRIERLEY *v.* MARIE R. JOHNSON.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1944—decided March 8, 1945.

*John T. Barry*, for the appellant (plaintiff).

*Arthur F. Libby*, for the appellee (defendant).

ELLS, J. This is an action to foreclose a mortgage which was admittedly valid at the time it was executed. The defendant filed a cross-complaint the substance of which was that the plaintiff had been paid in full and had released the debt, but that through oversight, inadvertence, or mutual mistake, the mortgage had not been released of record. The relief sought was the cancellation of the note and the discharge of the mortgage from the land records. The trial court did not actually decide that the plaintiff had released the debt, but held that the facts related later in this opinion showed that she had abandoned the mortgage. Judgment was rendered declaring the mortgage null and void and without validity as a lien, and the plaintiff has appealed.

The plaintiff assigned error as to the finding of certain facts and the failure to find others, but did not pursue the claims in her brief. The material facts found by the trial court are these: The plaintiff had for many years been employed by John F. Way as his housekeeper and had advanced money for taxes and similar expenses. During the greater part of this period she had received her regular wages. He conveyed to her a half-interest in the premises. In 1932 she

married, and terminated her regular employment with Way, but attended him thereafter, until his death, as a week-end employee, with occasional periods of more continuous service. On March 24, 1934, they agreed to adjust their financial accounts and entered into a written agreement whereby the plaintiff agreed to reconvey her one-half interest in the property for $100 in cash and a note secured by a third mortgage for $500. It was agreed that this adjustment was in complete satisfaction of their outstanding accounts. The money payment was made, and the note and mortgage given. The purpose was to liquidate all claims the plaintiff had for wages due and cash advanced. The note was payable in monthly instalments of $15 each, and the agreement provided that a failure by Way to meet these payments would cause the agreement to become null and void. Despite the fact that Way made but two payments, one in May and the other in June, 1934, the plaintiff made no demands for further payments.

Way died on October 10, 1936. The plaintiff presented a claim against his estate in the amount of $861 for personal services rendered during his lifetime. Included as a part of this claim was a charge for services rendered from October 10, 1932, to March 24, 1934, in the aggregate amount of $525. The administrator disallowed the claim in full, and commissioners were appointed to pass upon its validity. On January 14, 1938, it was compromised for $100, and the plaintiff executed a release, prepared by her own attorney and read to her, "in full settlement of all claims and demands to date and especially in full for claim filed by me against the estate of John F. Way."

In April, 1937, the administrator sold the property to Henry and Marie Rehm, and they employed an attorney to search the land records. He overlooked

the plaintiff's duly recorded mortgage and advised his clients that the property was incumbered only by a first and second mortgage. The Rehms paid the administrator $2000, and he paid the first and second mortgages. About $1000 was left as an asset of the estate. In 1941, the defendant, the then owner of the premises, proposed to sell the property. The purchaser caused a title search to be made and it disclosed the lien of the plaintiff's mortgage, which had become, of record, a first mortgage. The attorney who had represented the plaintiff at the time her claim against the estate was settled sent her a release of the mortgage with a request that she execute it. Upon her ultimate refusal to do so, the defendant brought an action for the cancellation of the mortgage, and the plaintiff countered by bringing this action to foreclose it.

The principal issue is whether the facts found warrant the conclusion that the plaintiff had abandoned the mortgage. It is the law of this state that a mortgagee may abandon his right of security under the mortgage. *Peck* v. *Lee,* 110 Conn. 374, 377, 148 Atl. 133; *Glotzer* v. *Keyes,* 125 Conn. 227, 231, 5 Atl. (2d) 1. Abandonment is a question of fact. To constitute it there must be an intention to abandon or relinquish accompanied by some act or omission to act by which such an intention is manifested. *Glotzer* v. *Keyes,* supra, 235, 233. The court concluded that when Way failed to meet the terms of the mortgage note the plaintiff regarded the mortgage to be invalid, and continued to so regard it from June, 1934 to 1941; and that her presentation of a claim against the Way estate for personal services which were believed and intended to have been satisfied by the mortgage constituted unmistakable evidence of her belief that the mortgage was void and of her intention to abandon it. The essential question was not whether the mortgage

became invalid but whether she believed it was void and whether that belief actuated the presentation and ultimate compromise of the claim against the estate.

The court was warranted in concluding that the plaintiff intended to abandon the mortgage. Intention is a question of fact to be determined by the trial court. It also found that this intention was accompanied by acts and conduct by which her intention to abandon was made manifest. All the necessary elements to constitute an abandonment are present. The court could reasonably have concluded that the plaintiff relinquished her rights under the mortgage. When the debt is gone, a reconveyance is not necessary to put an end to the rights of the mortgagee. *Munson* v. *Munson,* 30 Conn. 425, 437; *Glotzer* v. *Keyes,* supra, 233.

The plaintiff states in her brief that the whole issue is whether the court was warranted in finding an abandonment of the mortgage, but later makes the claim that abandonment was not pleaded and that therefore the court could not consider it. The claim was not raised in the assignments of error nor in the claims of law. The parties treated the issue as that of abandonment, and we follow them in this regard. *Haaser* v. *A. C. Lehmann Co.,* 130 Conn. 219, 221, 33 Atl. (2d) 135.

There is no error.

In this opinion the other judges concurred.