[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT (#177)
The defendant State of Connecticut: has moved for partial summary judgment on the fifth count of the plaintiff's amended complaint. In that count, the plaintiff asserts a cause of action under Conn. Gen. Stat. Sec. 52-556, which provides a cause of CT Page 864 action to certain persons injured "through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state." The State's contention here is that its employee was not "operating" the motor vehicle in question. The court does not, however, reach the merits of the State's claim, for it finds that the State is procedurally precluded from raising that claim at the time and in the manner that it has been raised.
The State originally filed a motion to dismiss. On November 22, 1989, the Hon. T. J. Sullivan filed a memorandum of decision (#116) denying the State's motion, reasoning that "the claimed fact pattern [should] be developed and presented to the trier of fact on the issue of operation." Memorandum of decision at 3. The State filed no motion to strike. On April 24, 1990, it filed its answer (#145).
The State's motion for partial summary judgment (#177) was filed on October 10, 1991. In contravention of Practice Book Sec. 380, the State submitted no affidavits, documents, or exhibits of any kind to support its motion. The State's essential argument in its memorandum of law is that the facts set forth in the complaint do not allege a cause of action under Sec. 52-556. This is not a true motion for summary judgment, for it does not even pretend to "pierce the allegations in the pleadings and [seek] relief by introducing outside evidence." 10 C. Wright, A. Miller M. Kane, Federal Practice and Procedure 569 (1983). See Tuley v. Heyd,482 F.2d 590, 593 (5th Cir. 1973). Rather, it is a motion to strike in summary judgment clothing. By filing its answer on April 24, 1990, however, the State waived the right to file a motion to strike. Practice Book Sec. 113; Ohlin v. Kowner, 96 Conn. 394,399, 114 A. 117 (1921). Moreover, even though the court has discretion under Practice Book Sec. 113 to waive the order of pleading, it would be inappropriate to do so here. Judge Sullivan has already sustained the complaint against facial attack for failure to state a cause of action under Sec. 52-556. For purposes of a motion to strike — if the motion for partial summary judgment is to be construed as such — Judge Sullivan's decision establishes the law of the case. The motion for partial summary judgment is therefore denied. Dated at Waterbury this 7th day of, January, 1992.
/s/ Jon C. Blue, J. JON C. BLUE JUDGE OF THE SUPERIOR COURT