[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff[1] has filed a motion for a turnover order pursuant to General Statutes § 52-356b,[2] seeking an order directing the town of Stratford to pay to the plaintiff monies which it holds. Because the court concludes that there exists no money judgment, the motion is denied.
On December 23, 1985, the defendant Owen Organization entered into a contract with the town of Stratford to purchase a piece of real estate known as "Birdseye School". Pursuant to this contract, the Owen Organization gave the town the sum of $31,104.00 as a deposit toward the total purchase price of $622,080.00. The purchase was contingent on a number of occurrences, including the receipt by the Owen Organization of necessary approvals from various governmental agencies. The contract further provided that the Owen Organization would first seek approval from the Stratford Planning Zoning Commission as a special case in order to obtain permission to construct an apartment/condominium complex on the CT Page 10539 subject property.
On December 6, 1985, the Owen Organization applied to the Planning Zoning Commission of the town of Stratford for a special permit to convert Birdsey [Birdseye] School into apartments. The commission approved the special permit. The plaintiff appealed that decision to the superior court. The plaintiff named the town of Stratford and the Owen organization as parties defendant to that appeal. On June 23, 1987, the court (McGrath, J.) sustained the plaintiff's appeal. After the granting of its petition for certification, the commission appealed to the Appellate Court on August 5, 1987.
On June 6, 1988, the plaintiff filed a "motion for court approval of settlement of zoning appeal after hearing", pursuant to General Statutes § 8-8(n).[3] In that motion the plaintiff sought approval of a settlement in which (1) the Owen Organization would pay the plaintiff $35,000.00, (2) the Owen Organization would stipulate that there should be no basement apartments at the building which was the subject of the appeal, and (3) that the motions of the commission and the Owen Organization to "reopen" (sic) and reargue the decision of the trial court be granted. In a written decision, the court (McGrath, J.) opened the judgment, entered a judgment overruling the plaintiff's appeal and approved the settlement.
On October 31, 1988, the plaintiff moved that the Owen Organization be held in contempt. In that motion, the plaintiff certified "that a copy of the above has been mailed, this date, to all counsel and pro se parties of record and/or all non-appearing Defendants." The motion was not accompanied by a citation or summons nor was it served upon the Owen Organization by a proper officer or indifferent person in the manner of original process. On November 15, 1988, the court (Jacobson, J.) neither granted nor denied that motion but "ordered that defendant pay the plaintiff within thirty days or sanctions will be awarded." On December 29, 1988, the plaintiff filed a second motion for contempt against the Owen Organization. On February 6, 1989, the court (Ford, J.)
continued that motion until February 10, 1989 "to allow counsel to provide [a] legal basis for [the] motion." On February 10, 1989, Judge Ford denied the motion.
General Statutes § 52-356b authorizes the court to issue a "turnover order" against a "judgment debtor". "`Judgment debtor' means a person against whom a money judgment was rendered." General Statutes § 52-350(a)(11). Here, no money judgment was rendered CT Page 10540 against the Owen Organization. To the contrary, the only judgment extant is a judgment "overruling" the appeal.
Nor may Judge Jacobson's November 15, 1988 order "that defendant pay the plaintiff within thirty days or sanctions will be awarded" be deemed a money judgment. The case of Audubon ParkingAssociates Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804,626 A.2d 729 (1993), is distinguishable.
In Audubon Parking, the court held that "[a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law, when the terms of the agreement are clear and unambiguous." Audubon Parking Associates Ltd. Partnership v.Barclay Stubbs, Inc., supra, 225 Conn. 811. Explained the court: "`Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.' Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986); see also Janneh v. GAF Corporation, 887 F.2d 432,436-37 (2d Cir. 1989), cert. denied, 498 U.S. 865, 111 S.Ct. 177,112 L.Ed.2d 141 (1990): Meetings Expositions, Inc. v. TandyCorporation, 490 F.2d 714, 717 (2d Cir. 1974).
"In Janus Films, Inc. v. Miller, supra, 583, Judge Newman, writing for the majority of the Second Circuit Court of Appeals, noted the important policy behind a court's power to enforce summarily a settlement agreement: `Due regard for the proper use of judicial resources requires that a trial judge proceed with entry of a settlement judgment after affording the parties an opportunity to be heard as to the precise content and wording of the judgment, rather than resume the trial and precipitate an additional lawsuit for breach of a settlement agreement. This authority should normally be exercised whenever settlements are announced in the midst of a trial.'"
"Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes." AudubonParking Associates Ltd. Partnership v. Barclay Stubbs, Inc.,
supra, 225 Conn. 811-812. Such a settlement is enforced by the entry by the court of a judgment upon motion. Id. CT Page 10541
The suggestion that Judge Jacobson's November 15, 1988 order is a "judgment" within the contemplation of Audubon Associates,
supra, raises several questions, including whether that order was sufficiently unambiguous and final to constitute a judgment; compare Barbato v. J. M. Corp., 194 Conn. 245, 478 A.2d 1020
(1984), with Bryant v. Bryant, 228 Conn. 630, 637 A.2d 1111 (1994); and whether the court had personal jurisdiction over the Owen Organization at the time of the order. Cf. Official Practice Book Forms 506.2, prescribing an order for Hearing and Notice where a motion for contempt is filed post-judgment. However, a more fundamental flaw exists.
"Jurisdiction involves the right to adjudicate concerning the subject matter in a given case. For the establishment of this right there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the iss. Case v,Bush, 93 Conn. 550, 552-53, 106 A. 822 (1919). The third essential was not satisfied in this case. What is in issue is determined by the pleadings and these must be in writing." Telesco v. Telesco,187 Conn. 715, 719-20, 447 A.2d 752 (1982). The pleadings reflect that this was a statutory appeal from the action of a local planning and zoning commission granting an application for a special permit. Such appeals are authorized and governed by general Statutes § 8-8. General Statutes § 8-8(l) provides that in such an appeal: "The court, after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. If a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board decision or orders the particular board action. In an appeal from an action of a planning commission taken under section 8-29, the court may also reassess any damages or benefits awarded by the commission. Costs shall be allowed against the board if the decision appealed from is reversed, affirmed in part, modified or revised." This is not an appeal under General Statutes § 8-29. In a statutory proceeding such as this, the remedy or relief which the court may afford is limited by the language of the enabling legislation. Merrill Lynch Co. v. Waterbury, 34 Conn. App. 11,17-18, 640 A.2d 122 (1994). Appropriately, the plaintiff did not claim money damages in his prayer for relief. Generally, "[m]onetary damages cannot be claimed in an administrative appeal." Fuller, Land Use Law and Practice (West 1993) § 35.1; see Cummingsv. Tripp, 204 Conn. 67, 80, 527 A.2d 230 (1987); Connecticut WaterCo. v. Beausoleil, 204 Conn. 38, 44, 526 A.2d 1329 (1987); FromerCT Page 10542v. Tree Warden, 26 Conn. App. 599, 600, 602 A.2d 1060 (1992);Totino v. Zoning Board of Appeals, 41 Conn. Sup. 398, 401,578 A.2d 681 (1990). This case does not fall within the ambit of any exception to that rule. "A judgment upon an issue not pleaded would not merely be erroneous, but it would be void. See Telesco v.Telesco, supra [187 Conn. 720]." Tehrani v. Century Medical Center,7 Conn. App. 301, 308, 508 A.2d 814 (1986). Judge Jacobson's order cannot be given the effect of a money judgment. Without such a judgment, there is no predicate for the plaintiff's motion.
The motion for a turnover order is denied.