[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
A motion to strike challenges the legal sufficiency of a pleading and for its purposes admits all facts well pleaded.Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980). The motion to strike replaces the demurer in Connecticut practice.
Count one of the complaint sets forth a cause of action in breach of contract. Count two sets forth a cause of action in negligence. Count three sets forth a cause of action for statutory violation of the present General Statutes Sections36b-5 and 36b-6, dealing with the conduct of investment advisors and their soliciting parties, and certain regulatory requirements as pertains to broker-dealer, agent or investment advisors.
This action arises out of a written contract whereby defendant Merrill, Lynch Asset Management, Inc., as investment advisor, agreed to manage the assets in the client's portfolio, and to act as the client's agent and attorney in fact with full power to buy, sell or otherwise effect transactions in stocks, bonds and any other securities for the client's account and in the client's name.
The further defendants Merrill Lynch, Pierce, Fenner 
Smith, Inc. is described in the contract as the broker through whom all transactions shall be carried out, and who shall act as CT Page 3517 custodian of the portfolio. Defendant Genung is vice president of Merrill Lynch, Pierce, Fenner Smith, Inc. Defendant Hyland is a vice president of the defendant Merrill Lynch Asset Management, Inc.
The first three counts of the complaint claim, in essence, that the defendants are responsible for an imprudent investment of $506,005.95 in a bond described as Colonial Diversified Zero Coupon Bonds.
As to these three counts, the plaintiff moves to strike the second, fifth and sixth special defenses.
 I.
The second special defense states that "the alleged transfer of funds out of the City of Waterbury Retirement Fund account and subsequent reimbursement of these funds was not initiated, solicited or otherwise recommended by Hyland." As to the first count, the contract claim, that claim alleges that the transaction took place, and that it was in essence the doings of the defendants, in breach of contract. The second special defense alleges that if the transaction took place, it was not the doings of the defendants. Although it is possible that this issue may be reached by a general denial yet the purview of pleadings is to frame issues. Further, facts which are consistent with such statements (the contract, the investment, etc.) but show, notwithstanding, that he has no cause of action, must be specially alleged (P.B. 164). Any doubt as to the proper form of pleading should be resolved in favor of the pleader so as to avoid the inadvertent striking of a proper issue and its potential removal from the action.
As to the second count, the negligence claim. To the extent that the count is interpreted to imply agency by the actors as against the defendants for the acts set forth therein, the special defense claims that such activity was not the doings of the defendants. Further, the defense allows proof of superseding cause, which may be properly pleaded by the defendants. Virelli v. Benhattie, 146 Conn. 203, 209 (1959).
As to the third count. The second special defense is appropriate. See Sheldon Co. Profit Sharing Plan and Trust v.Smith, 820 F. Sup. 1262. CT Page 3518
 II.
The fifth special defense and the sixth special defense allege intentional, tortious, illegal and/or criminal acts of third parties. As to the first count, the defense is proper. See Novella v. Hartford Accident Indemnity Co., 163 Conn. 552
(1972). The fifth and sixth special defenses to the second count are proper. See Virelli v. Benhattie Inc., supra. SeeStewart v. Federated Dept. Stores, 234 Conn. 597, 608. The fifth and sixth special defenses to the third count are proper. See Sheldon Co. Profit Sharing Plan and Trust v. Smith, supra.
The seventh special defense is proper. See Practice Book 164; see also Jacko v. Bridgeport, 26 Conn. Sup. 73 (1965). A contract is capable of breach by a plaintiff through acts of negligence, as well as by intentional acts. For the consequences thereof, also see Missionaries of Co. of St. Mary, Inc. v.Aetna Casualty Surety Co., 155 Conn. 104, 114. Questions of proximate cause also pertain to statutory violations; and contributory negligence may be asserted as a defense to causes of action based upon the breach of a statutory obligation. SeeL'Hereux v. Hurley, 117 Conn. 347, 358 (1933).
As to the fourth special defense, which alleges that the claims of the plaintiff are required to be submitted to arbitration. The court takes judicial notice of the decision of Judge Barnett, November 24, 1992, concerning the defendant's motion to compel arbitration and to stay proceedings. The trial court granted the motion and entered a stay of these judicialproceedings, as applies to Merrill Lynch, Pierce, Fenner 
Smith, Inc. and Mr. Genung, and denied such relief as concerns other defendants.
The Appellate Court, in Merrill Lynch Co. v. Waterbury,34 Conn. App. 11, 15, determined the sole issue presented to it by that appeal — to wit whether the trial court's additional decision to stay the arbitration was appropriate, and it reversed that part of the trial court's decision.
The question of the arbitrability of the dispute is moot. It has been determined by this court, and was not challenged by either party upon appeal. Merrill Lynch Co. v. Waterbury,
supra, p. 15. That issue is no longer before the court, and hence, the motion to strike is neither appropriate or necessary. CT Page 3519
For the reasons set forth herein, the motion to strike is denied.
/s/ L. Paul Sullivan ---------------------- L. PAUL SULLIVAN, J.