CARMELA TOTINO *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 101921-S
STAMFORD-NORWALK AT STAMFORD

Memorandum filed June 18, 1990

*Meade, Bromley & Bishop,* for the plaintiff.

*Corporation counsel of the city of Stamford,* for the defendants.

LEWIS, J. In this administrative appeal, the named defendant, the zoning board of appeals of the city of Stamford (board) has moved to strike both counts of a two count complaint.

The zoning enforcement officer of the city of Stamford issued a cease and desist order directing the plaintiff, Carmela Totino, to remove a basement apartment in premises that she owned at 16 Plymouth Road, Stamford. Although the zone where this property is located currently permits a structure containing only two apartments, the board concedes that the plaintiff is entitled to have three apartments because the units in her building predate a change in the zoning regulations. The third apartment is, therefore, considered to be legally nonconforming. The basement apartment that is the subject of this appeal, however, is a fourth unit.

Pursuant to General Statutes § 8-7, the plaintiff appealed the decision of the zoning enforcement officer to the board. The board denied the appeal and affirmed the decision of the zoning enforcement officer to issue a cease and desist order.

In the first count of the complaint the plaintiff claims, with respect to the fourth apartment, that she relied on the fact that the former owner had received certificates of occupancy from city officials. Therefore, according to the plaintiff, the defendant is "estopped" from issuing a cease and desist order. Further, in the second count of the complaint, the plaintiff seeks an injunction against enforcement of the cease and desist order together with money damages.

In its motion to strike, the board claims that the doctrine of estoppel is not applicable to a municipality's enforcement of zoning laws and that claims for injunctive relief and money damages are not authorized in a zoning appeal.

A motion to strike is the proper legal mechanism when a party wishes to contest the legal sufficiency of the allegations of a complaint or of a prayer for relief. *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 170, 544 A.2d 1185 (1988), holds that, in ruling upon a motion to strike, the court must take as admitted all well pleaded facts and those necessarily implied thereby, and must construe them in the manner most favorable to the pleader. If any facts provable under the allegations would support the contested pleading, the motion to strike must be denied. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 109, 491 A.2d 368 (1985). Neither legal conclusions nor the truth or accuracy of opinions is deemed admitted. Id., 108.

The first issue is whether the doctrine of estoppel is applicable to a municipality in connection with the enforcement of its zoning laws. This issue was recently discussed in *West Hartford* v. *Gelinas*, 18 Conn. App. 688, 691, 559 A.2d 1176 (1989), which makes it clear that, although in general, estoppel may not be invoked against a municipality, there are several exceptions. This court does not believe, however, that the plaintiff has adequately pleaded a cause of action encompassing any of those exceptions.

Specifically, the complaint alleges that "the City of Stamford issued four Certificates of Apartment Occupancy indicating that all four apartments were considered legal for occupancy by the City of Stamford" and that the plaintiff relied on the issuance of those certificates in purchasing the premises and in using the basement apartment for dwelling purposes. *West Hartford* v. *Gelinas*, supra, makes it clear, however, that in order to invoke the doctrine of estoppel one must rely on "an agent who possessed authority in the matter [or] any agent of the town whose duty it was to enforce the zoning regulations . . . ." Id., 691. In the absence of an allegation in the complaint that the plain-

tiff was induced to rely on the availability of a fourth apartment by a town official such as the zoning enforcement officer, who is charged with enforcing the zoning regulations, the court does not believe that the allegations of the complaint are sufficient to withstand a motion to strike.

The second element of the motion to strike concerns the propriety of the claim that the plaintiff, "suffered large monetary losses" and the prayers for injunctive relief against enforcement of the cease and desist order as well as for money damages.

This appeal is taken pursuant to General Statutes § 8-8, which provides that a court, after a hearing, "may reverse or affirm, wholly or partly, or may modify or reverse, or may modify or revise the decision appealed from." There is no authority for any other kind of relief. The motion to strike should also be granted on the authority of *Cretaro* v. *Equitec Real Estate Investors,* 6 Conn. App. 317, 505 A.2d 22 (1986), which holds that, if a plaintiff has an adequate remedy at law, an injunction should not issue. "The plaintiffs' right to Superior Court review of the [zoning board of appeals] decision is an adequate legal remedy." Id., 319. To the same effect is *Fisher* v. *Board of Zoning Appeals,* 142 Conn. 275, 278, 113 A.2d 587 (1955). "[P]rayers for a temporary and permanent injunction . . . are not proper in an appeal." Id.

A claim for money damages in an appeal from a decision of a zoning board of appeals was not permitted in *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847 (1949).

In conclusion, it is clear that the second count of the complaint, in which the plaintiff seeks money damages and an injunction, is not proper in an administrative appeal of this nature. Accordingly, the board's motion to strike both counts of the complaint is granted.