[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The within action, being an appeal from the doings of the Zoning Commission of the City of Bristol, and a second count claiming violation of Sec. 42 ULC 1983, was commenced by service of process on October 29, 1993. The process set forth the return day of November 23, 1993. The process was not returned to court until January 22, 1994. The defendant appeared on January 26, 1994, and filed the motion to dismiss on February 23, 1994.
The motion to dismiss claims failure to return the process given to the return date, and further seeks CT Page 5077 dismissal due to misjoinder of action.
Late return of process in an administrative appeal renders the action voidable. The defendants in this case chose not to waive this defect and filed a timely motion to dismiss. Hence the motion to dismiss is granted as to the first count of the complaint, the zoning appeal Bergin v.Bergin, 3 Conn. App. 566, 569 (1985).
As to the second count, the Sec. 42 U.S.C. § 1983 claim, the same rule applies. "Until such time as a proper return is made to the court, it lacks jurisdiction to consider the matter . . . ." Further, "when the return of service is not timely, it is a defect that cannot be cured by amendment."Danziger v. Shaknaitis, 33 Conn. App. 6, 11 (1993). SeeArpaia v. Corrone. 18 Conn. App. 539, 541 (1989). The motion to dismiss is granted as to the second count of the complaint. Hence the action is dismissed.
As to the question of misjoinder that issue is moot, for the action is dismissed as aforesaid. The court notes that a motion to strike is the applicable motion to address misjoinder (PB 152). Also note for future reference Totinav. Zoning Board of Appeals, 41 Conn. Sup. 398 (1990) concerning joinder of claims for damages in zoning appeals.
The motion to dismiss the complaint is granted.
L. Paul Sullivan, J.