## NIKKI JUDITH ROMAN ET AL. *v.* STANTON JOHNSON ET AL.
### (AC 17067)

Foti, Lavery and Spear, Js.

Argued March 3—officially released April 21, 1998

*William F. Gallagher*, with whom, on the brief, were *Cynthia C. Bott* and *James W. Walsh*, for the appellants (defendants).

*Ernest C. LaFollette*, for the appellees (plaintiffs).

*Opinion*

FOTI, J. The defendants, Jean Johnson and Stanton Johnson, appeal from the judgment of the trial court granting an injunction ordering them to restore a portion of a stairway leading to property of the plaintiffs, Nikki Judith Roman and Russell Atkins. Part of the stairway had been removed by the defendant Stanton Johnson. The judgment further prohibited the defendants from engaging in any activities that would interfere with the plaintiffs' rights to use a driveway and stairway and to park cars in an area adjacent to the stairway. The defendants claim that the trial court improperly (1) determined that the plaintiffs established an easement by prescription over their property, and (2) awarded attorney's fees to the plaintiffs. We agree that the trial court improperly awarded attorney's fees to the plaintiffs and, therefore, reverse the trial court's judgment in part.

The plaintiffs brought this action seeking injunctive relief (1) forbidding the defendants from interfering with the plaintiffs' use of a driveway and stairway located on the defendants' property, (2) requiring the defendants to remove all obstructions from the driveway and stairway, and (3) requiring the defendants to restore the portion of the stairway that was removed by Stanton Johnson. The plaintiffs also sought damages and attorney's fees.

The parties own abutting properties in the Stevenson section of Monroe. In 1958, the plaintiff Atkins purchased the parcel located at 52 Downs Road, also known as 46 Mooseup Trail. From the time that Atkins purchased the property, he used a parking area and stairway, located on property now owned by the defendants, to gain access to his property. In addition, in 1963, Atkins began using a driveway, located on property now owned by the defendants, to gain access to his property.

On July 13, 1995, the defendant Stanton Johnson erected a chain and a fence across the driveway, blocking ingress and egress to the plaintiffs' property by vehicle. On July 16, 1995, Johnson removed the upper stairs and a landing from the stairway leading to the plaintiffs' property and placed a fence across the stairway. On September 13, 1995, Johnson installed five concrete Jersey barriers across the driveway and a sidewalk, blocking all access to the plaintiffs' property from the driveway and stairway.

In addition to hearing testimony and admitting exhibits, the trial court viewed the properties. In its memorandum of decision, the trial court stated: "It would be difficult for the court, which has viewed the locale, to describe the terrain, and even more difficult for anyone reading such description to obtain an accurate picture of the scene. Suffice it to say, based on the court's view, the testimony and a stipulation of facts, the court finds that the plaintiffs have used the drive and stairs in question for more than fifteen years in a continuous, hostile, open and adverse manner, without permission from either the defendants or their predecessors in title. The plaintiffs' rights had fully accrued before any attempt to block [their] use [was] employed. See [General Statutes §§] 52-575 and 47-38. The defendants offered no testimony to counteract the plaintiffs' claim." There were no motions filed to correct, articulate or rectify the trial court's memorandum of decision.

I

The defendants do not agree that the plaintiffs established an easement by prescription over their property. While the defendants do not agree with the trial court's finding that the plaintiffs' use continued for more than fifteen years in a hostile, open and adverse manner, without permission from either the defendants or their predecessors in title, they claim that finding is irrelevant

since the plaintiffs' use was not made under a claim of right. The defendants' basic argument is that the plaintiffs did not demonstrate that their use was made under a claim of right and, further, that the trial court made no such finding. We do not agree.

The plaintiffs had the burden of proving a prescriptive right to use the defendants' property. See *Shea* v. *Gavitt*, 89 Conn. 359, 363, 94 A. 360 (1915). To sustain their burden, the plaintiffs were required to establish that their use of the defendants' property was open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. *Reynolds* v. *Soffer*, 190 Conn. 184, 187, 459 A.2d 1027 (1983). Whether these requirements have been met in a particular case presents a question of fact for the trier of facts. *Swenson* v. *Dittner*, 183 Conn. 289, 294, 439 A.2d 334 (1981).

"Use under a claim of right simply means without recognition of the rights of the owner of the servient tenement. *Putnam, Coffin & Burr, Inc.* v. *Halpern*, 154 Conn. 507, 515, 227 A.2d 83 (1967)." (Internal quotation marks omitted.) *Saunders Point Assn., Inc.* v. *Cannon*, 177 Conn. 413, 419, 418 A.2d 70 (1979). The record indicates that the trial court heard testimony that the plaintiff Atkins believed that the driveway was his because he improved it for use and it was the only way to gain access to his property. Furthermore, the plaintiffs never asked the defendants or their predecessors for permission to use the defendants' property, and their use was in the presence of the defendants and their predecessors. See id., 419–20.

The trial court specifically found the plaintiffs' use to be adverse and without permission from either the defendants or their predecessors. This finding is supported by the evidence and by the reasonable inferences drawn from the facts proven. *Leabo* v. *Leninski*, 182 Conn. 611, 615–16, 438 A.2d 1153 (1981). Furthermore,

because there was no evidence in this case that either the driveway or the stairway was ever used as a right-of-way by the general public, the plaintiffs were not required to "perform some act to the knowledge of the [defendants or their predecessors] clearly indicating [their] individual claim of right." (Internal quotation marks omitted.) *Robert S. Weiss & Co.* v. *Mullins*, 196 Conn. 614, 619–20, 495 A.2d 1006 (1985).

After a review of the record, including the transcript and exhibits, we cannot conclude that the trial court's finding of a prescriptive easement in the plaintiffs' favor was clearly erroneous. The evidence adduced at trial amply supports the court's conclusion that the plaintiffs satisfied the requirements to acquire a prescriptive easement over the defendants' property.

The defendants' claim that the trial court did not specifically find that the plaintiffs' use of the defendants' property was made under a claim of right is without merit. "To acquire an easement by prescription, the use of the property must be adverse. General Statutes § 47-37; *Westchester* v. *Greenwich*, 227 Conn. 495, 501, 629 A.2d 1084 (1993). In order to prove adverse use, the party claiming to have acquired the easement must demonstrate that the use of the property has been open, visible, continuous and uninterrupted for fifteen years *and made under a claim of right.*" (Emphasis added; internal quotation marks omitted.) *Stiefel* v. *Lindemann*, 33 Conn. App. 799, 810, 638 A.2d 642, cert. denied, 229 Conn. 914, 642 A.2d 1211 (1994). "All that is required is a showing by a fair preponderance of the evidence that the use was adverse." *Reynolds* v. *Soffer*, supra, 190 Conn. 188. The trial court found that the plaintiffs' use of the defendants' property was adverse and, therefore, by necessity, found that it was made under a claim of right.

## II

The defendants next claim that the trial court improperly awarded attorney's fees to the plaintiffs. We agree.

On January 7, 1997, the trial court rendered judgment granting injunctive relief to the plaintiffs. In addition, the trial court scheduled a separate hearing to decide the plaintiffs' claims for damages and attorney's fees. On February 21, 1997, the plaintiffs sought permission to amend their complaint to include a claim for punitive damages based on the defendant Stanton Johnson's "intentional, outrageous and wanton" conduct. On March 19, 1997, the trial court filed its second memorandum of decision granting the plaintiffs' request to amend their complaint and awarding "a reasonable fee for the services of counsel" in the amount of $2000. The court also stated that "[a]ny further claims for damages [based on] mental anguish and distress are denied."

" '[T]he general rule of law known as the "American rule" is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. See *Alyeska Pipeline Service Co.* v. *Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *Fleischmann Distilling Corporation* v. *Maier Brewing Co.*, 386 U.S. 714, 717, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967). . . . Connecticut adheres to the American rule.' *Marsh Day & Calhoun* v. *Solomon*, 204 Conn. 639, 652, 529 A.2d 702 (1987)." (Citation omitted.) *Chrysler Corp.* v. *Maiocco*, 209 Conn. 579, 590, 552 A.2d 1207 (1989); see *O'Leary* v. *Industrial Park Corp.*, 211 Conn. 648, 651, 560 A.2d 968 (1989). "Attorney's fees may be awarded, however, as a component of punitive damages." *Farrell* v. *Farrell*, 36 Conn. App. 305, 311, 650 A.2d 608 (1994). In the present case, the trial court did not make any findings regarding the defendant Stanton Johnson's wanton, wilful or outrageous conduct and

did not award punitive damages. Because the trial court did not award punitive damages and there is neither contractual nor statutory authorization for the award of attorney's fees, we must vacate that portion of the judgment requiring the defendants to pay the plaintiffs' attorney's fees.

The judgment is reversed in part and the case is remanded with direction to render judgment as on file except as modified to eliminate the ordered payment of attorney's fees by the defendants.

In this opinion the other judges concurred.