[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE
This action was commenced by the plaintiff, Robert Van Epps, against the defendant, Waterbury Donuts, Inc., as a product liability action under Connecticut General Statutes (hereinafter C.G.S.) § 52-572m et. seq. for an alleged injury to Van Epps resulting from a spill of hot coffee purchased from Waterbury Donuts on his foot and ankle.
On April 22, 1998, Waterbury Donuts moved to implead Dart Container Corp. (hereinafter Dart), the alleged manufacturer of the cup and lid the coffee was served in.
On May 26, 1998, the motion was granted and Dart was served with a third-party complaint on June 17, 1998. The third-party complaint was amended on August 28, 1998.
The first count of the third-party complaint is pursuant to C.G.S. § 52-572o of the Product Liability Act. The second count seeks indemnification and damages for breach of the implied CT Page 6544 warranties of fitness for a particular purpose and merchantability under C.G.S. §§ 42a-2-314 and 42a-2-315 of the Uniform Commercial Code.
Dart, the third-party defendant, moves to strike the second count of the third-party complaint and its prayer for relief seeking damages and indemnification. Waterbury Donuts, the third party plaintiff, has filed an opposing memorandum of law.
"A motion to strike is the proper legal mechanism when a party wishes to contest the legal sufficiency of the allegations of a complaint or of a prayer for relief." Totino v. Zoning Boardof Appeals, 41 Conn. Sup. 398, 400, 578 A.2d 681 (1990). "The court must accept as true the facts alleged in the [third-party] complaint." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v.Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
 I.
Dart's first ground for striking the second count of the amended third-party complaint and the related prayer for damages is that Waterbury Donuts failed to allege that it suffered a commercial loss resulting in damages. Waterbury Donuts argues that paragraph 4 of the second count alleges liability and damages specifically described as "consequential damage" as defined in C.G.S. § 42a-2-715 (2)(b).
Paragraph 4 of the second count of the amended third-party complaint alleges in relevant part: "If the plaintiff's allegations are ultimately believed by a judge or jury (although they are vehemently denied by Waterbury Donuts, Inc.) then the injuries, damages, and losses will be the responsibility, in whole or in part of Dart Container Corporation. . . ." Courts have held that "commercial loss equals economic injury whether incidental or consequential, including property damages incurred by persons regularly engaged in business activities." LaMothe v.Reyelt, Superior Court, judicial district of Litchfield, Docket No. 069418 (May 21, 1997, Dranginis, J.). If Waterbury Donuts is found liable to Van Epps, then Waterbury Donuts will suffer an economic injury. Waterbury Donuts was the only defendant in the action at the time that Dart was impleaded into this action. The allegations, when read in the light most favorable to the third party plaintiff, plead that Waterbury Donuts will suffer an CT Page 6545 economic loss. No one else would. Waterbury Donuts therefore has alleged that it will suffer a commercial loss.
This ground for striking the second count and its related prayer for damages is rejected.
 II.
Dart also argues that the second count and its related prayer for damages should be stricken because Waterbury Donuts fails to allege the necessary elements for a breach of the warranty of fitness for a particular purpose. An implied warranty of fitness for a particular purpose exists "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. . . ." C.G.S. § 42a-2-315. The court does not find any allegations that Dart knew of any particular purpose that Waterbury Donuts would use the cups and lids other than their ordinary purpose. Nor is there any allegation that Waterbury Donuts relied on the seller's skill and judgment in purchasing the cups and lids.
However, "[w]here a product has one use and one use only, the implied warranty of fitness for a particular purpose merges with the implied warranty of merchantability." Goldwater v. Ollie'sGarage, Superior Court, judicial district of New Haven at New Haven, Docket No. 357372 (Jun. 5, 1995, Hartmere, J.). "A warranty of merchantability is implied in any sale of goods by a merchant seller; the statutory standards for merchantability include, under 42a-2-314 (2)(c), that the goods be `fit for the ordinary purpose for which such goods are used.'" (Citation omitted.) Schenck v. Pelkey, 176 Conn. 245, 254, 405 A.2d 665
(1978).
Dart argues that the allegation of breach of the warranty of merchantability should fail because Waterbury Donuts fails to allege that the product was not fit for the "ordinary" purpose for which it is used. Waterbury Donuts alleges that Dart is responsible in whole or in part because "it manufactured, sold and/or distributed a defective product which was unfit for its particular purpose and unreasonably dangerous to consumers: in that the lid and cup were designed and/or made in such a way that they would separate under circumstances not reasonably contemplated by the consumer; and because adequate warnings were CT Page 6546 not provided by Dart concerning (a) the proper use of the product; (b) dangers which were not reasonably apparent in the foreseeable use of the product." (Third-Party Complaint, Second Count, ¶ 4.)
The particular purpose the cup and lid were used for in this case is the same as the cup and lid's ordinary purpose. "The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried. . . ." Thames River Recycling v.Gallo, 60 Conn. App. 767, 782-83, ___ A.2d ___ (1998). "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, [the court] will not conclude that the complaint is insufficient to allow recovery." Parsons v.United Technologies Corp. , 243 Conn. 66, 83, 700 A.2d 655 (1997). The court declines to read the second count in the narrow and technical manner suggested in order to find the second count insufficient to state a claim upon which relief may be granted. In this case, "particular" purpose is the same as "ordinary" purpose. There is no prejudice to Dart. The second count of the third-party complaint does, therefore, state a cause of action for breach of the warranty of merchantability.
 III.
Finally, Dart contends that the prayer for indemnification should be stricken because (1) Waterbury Donuts failed to allege the active/passive negligence element necessary to maintain a common law claim of indemnification and (2) Waterbury Donuts conceded it was not seeking indemnification. Waterbury Donuts argues that a party is entitled to indemnification if the party against whom indemnification is sought has dishonored a contractual provision.
"[A] party is entitled to indemnification, in the absence of a contract to indemnify only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. PetrolCT Page 6547Plus of Naugatuck. Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). "[I]ndemnification is an appropriate remedy for breach of an implied contractual obligation." Gelormino v. J.C. PenneyCompany, Inc., Superior Court, judicial district of Litchfield, Docket No. 067840 (May 22, 1997, Dranginis, J.). See also, Kaplanv. Merberg Wrecking Corp. , 152 Conn. 405, 411, 207 A.2d 732
(1965). The implied warranty of merchantability is part of every contract for the sale of goods unless specifically excluded. C.G.S. § 42a-2-314. Waterbury Donuts has alleged a breach of the warranty of merchantability, which is an implied contractual obligation. The prayer for indemnification is therefore legally sufficient. Although in defending a request to revise the amended third-party complaint Waterbury Donuts conceded it was seeking contribution rather than indemnification, that concession was related to the first count which was under C.G.S. § 52-572o of the Products Liability Act. The second count sounds in contract law under the Uniform Commercial Code. Therefore, the concession does not apply to the second count.
In conclusion, the court finds that the second count of the amended third-party complaint is legally sufficient in that it states a cause of action for breach of the implied warranty of merchantability and that the related prayers of relief for indemnification and damages are correspondingly sufficient.
The court therefore denies Dart's motion to strike the second count of the amended third-party complaint and the prayers for relief for indemnification and damages.
By The Court,
Joseph W. Doherty Judge