[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a dispute between two adjoining property owners in Norwalk. The; plaintiff, Joseph Kelley, owns premises at 230-232 Main Street, and the defendants, Joseph and Mary J. Tomas, own the adjacent premises to the north at 244 Main Street. Both buildings are rented for individual apartment use. The plaintiff has six apartments and the defendants have four.
The plaintiff brought a five count complaint. In the first count, the plaintiff seeks to quiet title. General Statutes §47-31. In the second count, the plaintiff claims that the defendants trespassed on his property by entering thereon and removing steps and railings belonging to the plaintiff. In the third count, the plaintiff requests an injunction requiring the defendants to restore his property to its original condition. In the fourth count, the plaintiff refers to a continuing trespass by the defendants and their tenants on his property. In the fifth count, the plaintiff requests that the defendants be enjoined and prohibited from coming on his property.
The defendants filed an amended answer in which they deny the material allegations of the complaint and assert four special defenses. In the first special defense, the defendants contend that the plaintiff is guilty of laches because he knew for many years, or should have known, that there is no access to the rear parking area of the defendants' property except over a right of way on the plaintiff's property and that the plaintiff did not complain or take any action until 1995 when he commenced this present action. In the second special defense, the defendants claim a prescriptive easement based on General Statutes § 47-37. In the third special defense, the defendants claim that the plaintiff is estopped from pursuing this action because he knew about the right of way and did not complain for many years. In the fourth special defense, the defendants claim an easement by necessity and implication.
The plaintiff purchased his premises from himself as trustee in 1991, and the plaintiff as trustee first took title in 1986 from John D'Antonio and W. H. Rossell. The deed by which he obtained his property does not contain any reference to an express grant of a right of way to anyone to cross his property. The defendants purchased their property in 1973 and their deed does not give them an express grant or easement over the plaintiffs land. CT Page 10612
The first issue in this case is whether the defendants have some other type of easement permitting them to cross the plaintiffs property. The defendants claim that they have an easement by prescription and also an easement by necessity and the court finds, on the basis of the testimony, exhibits and a personal inspection, that both of these contentions have merit.
General Statutes § 47-37 provides that: "No person may acquire a tight-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." "The plaintiffs had the burden of proving a prescriptive right to use the defendants' property. . . . To sustain their burden, the plaintiffs were required to establish that their use of the defendants' property was open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." (Citation omitted.) Roman v. Johnson,48 Conn. App. 498, 501, 710 A.2d 186 (1998). "Use under a claim of right simply means without recognition of the rights of the owner of the servient tenement." (Internal quotation marks omitted.) Id.
The defendants proved that ever since they took title to 244 Main Street in 1973, they and their tenants always and without interruption parked their motor vehicles behind the, defendants' premises from 1973 to 1995 when this action started. In order to do so, they had to cross the rear of the plaintiffs property. The defendants never sought or received! permission from the plaintiff to do so. The defendants believed that they had the right to use: the plaintiffs property for this purpose. The plaintiff saw and was aware that the vehicles: of the defendants and their tenants were parked in the rear of the defendants' property and knew that the only way to get there was over his property. The plaintiff agreed that he never told the defendants to stop using the rear of his property for ingress and egress to the rear of their property. Thus, the defendants have satisfied the requirements to obtain a prescriptive easement over the plaintiffs property, consisting of the use of the rear of the plaintiffs property for motor vehicles to pass over to the rear of the defendant's property.
In addition, the defendants have demonstrated that they have an easement of necessity over the rear of the plaintiffs property for access of motor vehicles to the rear of their own property. "In this state, the law regarding easements by implication arising out of the severance of title of two adjoining or CT Page 10613 commonly owned properties is well settled. Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership. . . . there arises by implication of law a reservation of the right to continue such use. . . . [I]n so far as necessity is significant it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) Friedman v.Westport, 50 Conn. App. 209, 214, 717 A.2d 797 (1998). All of these conditions have been met in this present case. There was unity of title in one Elizabeth A. Varian who owned both lots, and then a severance by means of a subdivision, and the fair enjoyment of the defendants' property requires vehicular access over the plaintiffs property.
The defendants' property is land-locked and parking is not permitted on Main Street in front of the subject premises. Without the right to cross the plaintiff's property by turning in from Longview Court, the nearest public road, there is no place for the tenants or their guests or delivery people to access the defendants' property.
The plaintiff argues that because the defendants agree that he is the "absolute owner in fee simple" of 230-232 Main Street, the defendants cannot possess an easement over or across his property. However, the plaintiff did not cite any specific authority for this proposition and the court disagrees with this contention. The plaintiff does own the fee to his property but that does not preclude a prescriptive easement or an easement of necessity from existing thereon.
The next issue involves certain steps between the plaintiff's property and that of the defendants. There were two sets of steps between the two buildings, one used by the plaintiff and the other by the defendants. They were used for people to walk up from Main Street toward the parking lots to the rear or east of each of the two properties. These steps had been in existence for many years until 1990 when the defendants tore down and removed both sets of stairs in connection with the reconstruction of their apartment building. The steps were in a condition of disarray with cracked concrete and uneven.[1]
The defendants did not seek or have permission of the CT Page 10614 plaintiff to enter on his land and remove the steps. The defendant replaced the old stairs with new steps, landings and railing. The new steps, which encroach on the plaintiffs property, are used by both the plaintiff and the defendants and their respective tenants.
The plaintiff seeks an order from this court that the defendants either remove the steps that now are on the plaintiffs property, or pay for their removal by the plaintiff, and that steps be put back exactly where they were located before the defendants removed them in 1990. The problem with that proposal is that the property line between the two buildings leaves a maximum of 2.2 feet at one point and then narrows down to 1.7 feet for the plaintiff. Steps must be 36 inches wide according to the building code. In other words, the old steps belonging to the plaintiff encroached on the defendants' property and any new steps built entirely on the plaintiff's property would be too narrow for use. The defendants have no objection to the steps that they built between the two buildings being used by the plaintiff and his tenants even though this means they will necessarily encroach on the defendants' property.
Thus, there was a trespass by the defendants on the plaintiffs property in order to remove steps belonging to the plaintiff, although a portion of these steps did encroach on the defendants' property. The defendants had no business going on plaintiffs property and removing something that did not belong to them. They should therefore respond in monetary damages. The amount should be nominal, however, because the replacement steps and landing are in substantially better condition that the previous steps and landing, and also because the steps belonging to the plaintiff cannot be replaced as the property line is too close to the plaintiffs building. The plaintiff is therefore awarded $100 to be paid him forthwith by the defendants.
The court will also issue an order that neither the plaintiff or the defendants are to interfere with the other's use of the steps, landings and railing located between the two buildings. The order also enjoins the plaintiff from interfering with the defendants' use of the rear of the plaintiff's property for ingress and egress to the rear of their property.
It is not possible to specify precisely the metes and bounds of the easement over the: plaintiffs property, although a survey prepared by a witness for the plaintiff actually does; refer to a CT Page 10615 "Gravel Drive, R.O.W." over the plaintiff's property from Longview Court to the defendants' property.[2] In any event, such delineation is not necessary because for approximately 25 years the defendants have crossed the plaintiffs property to their property without incident. The defendants are, however, ordered to make a reasonable use of their easement over the plaintiffs property only for purposes of ingress and egress to their property. "The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." Kuras v. Kope,205 Conn. 332, 341, 533 A.2d 1202 (1987).
No costs are awarded to either party.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of August, 1999.
William B. Lewis, Judge