[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTIONS TO SRIKE
This is a motion to strike three counts of a counterclaim and an ad damnum clause. Briefly, in this appeal from a zoning board decision, the plaintiff, James B. Colgan, ("plaintiff'), alleges aggrievement by the defendants Zoning Board of Appeals of the City of Stamford, ("Board"), and Gertrude and Tobias Weiss, (collectively "defendant"). Both the plaintiff and Board have filed motions to strike the defendant's counterclaim and addamnum clause, respectively motions 103 and 105. The first count of the defendant's counterclaim alleges a malicious spite suit. The second count of the defendant's counterclaim alleges that the appeal must be dismissed because the plaintiff is not a "real party in interest" to the litigation. The third count of the defendant's counterclaim alleges that "[t]his spite suit is an abuse of process of the court." The defendant's ad damnum clause provides in pertinent part that the defendant seeks judgment and costs for the following: "(a) [d]ismissal of this appeal from the decision of the Zoning Board of Appeals and the variance granted by the Board, and sustaining the Board's decision and the grant of the variance; (b) [d]amages, including damages for maliciously bringing this spite suit; (c) [c]osts and expenses under Practice Book § 10-5 and; (d) reasonable attorney fees."
First Count
The first count of the counterclaim is stricken because a claim for vexatious litigation cannot be sustained prior to the termination of an administrative appeal. See Mozzochi v. Rogers, judicial district of New Haven at New Haven, Docket No. 526635 (September 22, 1995, Corradino, J.), aff'd, 36 Conn. App. 953,651 A.2d 759 (1995) (finding a vexatious litigation claim premature where the administrative appeal is still pending). Moreover, "it is impossible to use vexatious litigation as a counterclaim in the very suit a defendant claims is vexatious." (Internal quotation marks omitted.) Rutenberg v. Rosenblit, CT Page 11031 Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 353700 (March 14, 1994, Hennessey, J.). Accordingly, the motion to strike the first count of the counterclaim is granted.
Second Count
The second count of the counterclaim is stricken because the plaintiff has alleged sufficient facts, namely that his property is located within one hundred feet of the subject property, to show statutory aggrievement pursuant to General Statutes § 8-8
(a)(1). Accordingly, the motion to strike the second count of the counterclaim is granted.
Third Count
Because there is no sustainable vexatious litigation claim the plaintiff has certainly not abused any process by bringing this appeal and the abuse of process counterclaim is, therefore, stricken. Accordingly, the motion to strike the third count of the counterclaim is granted.
Ad Damnum Clause
As the counterclaim has been stricken in its entirety the addamnum clause is similarly stricken because the plaintiff has a statutory right to bring this appeal. Furthermore, "[a] claim for money damages in an appeal from a decision of a zoning board of appeals [is] not permitted. . . ." (Citation omitted.) Totino v.Zoning Board of Appeals, 41 Conn. Sup. 398, 401, 578 A.2d 681
(1990). Accordingly, the motion to strike the ad damnum is granted.
In summary, motions to strike ## 103 and 105 are, therefore, granted in their entirety.
D'andrea, J.