[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION RE: MOTION TO STRIKE #109
The present case arises from a revised complaint filed by the plaintiff, Fleet Services Corporation, against the defendant, ASA Real Estate Services. The revised complaint is brought in four counts and alleges professional negligence, breach of contract, breach of implied covenant of fair good faith and dealing and negligent misrepresentation respectively. The revised complaint alleges that Dr. Anthony Sterling purchased real property located at 54 Harrison Drive, Wolcott, Connecticut for $80,000. In 1987, Dr. Sterling constructed a contemporary ranch-style home on the property. CNB financed the construction secured by a note in the amount of $375,000. The note was ultimately assigned to Webster bank by virtue of an assignment from Shawmut Bank on March 29, 1996.
The revised complaint alleges that in November, 1995, Shawmut Bank, the plaintiff's predecessor in interest, agreed to loan Dr. Anthony and Yolanda Sterling $450,000, secured by a second note and mortgage. It further states that the note was second in priority to the note held by Webster Bank. Additionally that Shawmut Bank assigned the second mortgage to the plaintiff in connection with a merger between Shawmut Bank and Fleet Bank.
The revised complaint alleges that on September 27, 1995, the defendant appraised the Sterlings' property at $1,070,000. It asserts that but for the defendant's appraisal, Shawmut would have neither entered into the second mortgage with the Sterlings nor advanced them the loan proceeds of $450,000. It is further alleged that at the time of the defendant's appraisal the true market value of the property was significantly lower than $450,000 because the defendant improperly calculated the fair market value and produced a defective appraisal. In addition it is claimed that the Sterlings subsequently defaulted on both notes. When Webster Bank foreclosed on the original note, however, the property was appraised at $350,000. As a result there was no equity to satisfy the second mortgage CT Page 10519 currently held by the plaintiff.
The defendant moves to strike the plaintiff's claim for attorney's fees on the ground that under the American rule the plaintiff is not entitled to attorney's fees absent contractual or statutory authority. The plaintiff filed a timely objection on the ground that the defendant has violated the implied covenant of good faith and fair dealing and has satisfied the bad faith exception to the American rule of attorney's fees.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parson v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is the proper legal mechanism when a party wishes to contest the legal sufficiency of the allegations of a complaint or of a prayer for relief." Totino v. Zoning Board of Appeals, 41 Conn. Sup. 398,400, 578 A.2d 681 (1990); Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 152 (1984).
The defendant argues that paragraph two of the plaintiff's prayer for relief must be stricken because it has not alleged sufficient facts to support a claim of attorney's fees. Specifically, the defendant maintains that the plaintiff has not properly identified a provision in the contract alleged in the complaint that provides for an award of attorney's fees. Further, the defendant claims that the plaintiff has failed to plead a statute allowing for recovery of attorney's fees for professional negligence, breach of contract, breach of implied covenant of good faith and fair dealing or negligent misrepresentation.
The plaintiff argues that because it has alleged that the defendant has violated the implied covenant of good faith and fair dealing it has satisfied the bad faith exception to the American rule of attorney's fees.[1] Accordingly, the plaintiff claims that should it prevail, it can properly be awarded attorney's fees and the motion to strike should be denied.
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not CT Page 10520 allowed to the unsuccessful party absent a contractual or statutory exception." (Internal quotation marks omitted.) Roman v. Johnson,48 Conn. App. 498, 503, 710 A.2d 186 (1998). "Connecticut adheres to the American rule." Rizzo Pool Company v. Grosso, 240 Conn. 58, 72,689 A.2d 1097 (1997). "Connecticut recognizes, however, the exceptions to this rule. A successful litigant is entitled to an award of attorney's fees, however, if they are provided by contract; see Storm Associates,Inc. v. Baumgold, 186 Conn. 237, 245, 440 A.2d 306 (1982); by statute; see, e.g., General Statutes § 52-251a (attorney's fees awarded on small claims matter transferred to regular docket); or as an aspect of punitive damages. See Bodner v. United States Automobile Assn.,222 Conn. 480, 492, 610 A.2d 1212 (1992)." L R Realty v. ConnecticutNational Bank, 53 Conn. App. 524, 551, 731 A.2d 18, cert. denied,250 Conn. 901, 734 A.2d 984 (1999). "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo,195 Conn. 76, 77, 485 A.2d 1305 (1985); Farrell v. Farrell,36 Conn. App. 305, 311, 650 A.2d 608 (1994).
"[The American rule] does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess the attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . . This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. . . . Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices." (Citations omitted.) CFM of Connecticut, Inc. v.Chowdhury, 239 Conn. 375, 394, 685 A.2d 1108 (1996).
"We agree, furthermore, with certain principles articulated by the Second Circuit Court of Appeals in determining whether the bad faith exception applies. To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts. . . . Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not CT Page 10521 whether such facts had been established. (Citations omitted; emphasis in original; internal quotation marks omitted.) CFM of Connecticut,Inc. v. Chowdhury, supra, 239 Conn. 394-95.
"Punitive damages [and attorney's fees] are not ordinarily recoverable for breach of contract. . . . This is so because . . . punitive or exemplary damages are assessed by way of punishment, and the motivating basis does not usually arise as a result of the ordinary private contractual relationship." (Citation omitted; internal quotation marks omitted.) Barry v. Posi-Seal International, Inc., 40 Conn. App. 577,584, 672 A.2d 514, cert. denied, 237 Conn. 917, 676 A.2d 1373 (1996). However, "[b]reach of contract founded on tortious conduct may allow the award of punitive damages." L.F. Pace Sons, Inc. v. Travelers IndemnityCo., 9 Conn. App. 30, 48, 514 A.2d 766, cert. denied, 201 Conn. 811,516 A.2d 886 (1986). "In Connecticut, punitive damages are rarely allowed for breach of contract." Barry v. Posi-Seal International, Inc., supra,40 Conn. App. 584.
In the present case, the plaintiff seeks attorney's fees for professional negligence, breach of contract, breach of the implied covenant of good faith and fair dealing and negligent misrepresentation in issuing a real estate appraisal.[2] The plaintiff argues that the defendant acted in bad faith by violating the implied covenant of good faith and fair dealing in issuing its appraisal. The plaintiff, therefore, seeks attorney's fees under the bad faith exception to the American rule. "To determine whether the bad faith exception applies, the court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; [t]he appropriate focus for the court . . . is the conduct of the party in instigating or maintaining the litigation." CFM of Connecticut v. Chowdhury, supra, 239 Conn. 395. In this case, the exception does not apply because the purported bad faith conduct allegedly arose prior to the filing of the present action and there is no evidence of bad faith litigation practice by the defendant.
The plaintiff has not alleged a contractual or statutory basis for attorney's fees, nor does the bad faith exception to the American rule apply in this case. Absent contractual or statutory authority, a party may not claim attorney's fees. See L R Realty v. Connecticut NationalBank, supra, 53 Conn. App. 441. Accordingly, the defendant's motion to strike the plaintiff's claim for attorney's fees is granted.
So ordered. August 11, 2000.
BY THE COURT CT Page 10522
PETER EMMETT WIESE, JUDGE