[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The plaintiff has filed a Complaint against the defendant seeking damages, interest and attorney fees. The plaintiff alleges that it provided the defendant with two temporary employees for a period of time to work at the defendant's place of business to perform accounting services under the supervision of the defendant's officers or employees. The plaintiff's Complaint further alleges that the defendant has failed, refused or neglected to pay for the services of the two temporary "employees in the amount of $3,255.19.
The defendant has moved to strike the plaintiff's claims for attorney fees and interest stating that the plaintiff has not pleaded nor are there sufficient facts alleged showing either a statutory or contractual basis for interest and attorney fees.
The plaintiff argues that for each week the temporary employees worked at the defendant's place of employment, the defendant signed a time sheet, which provided in paragraph 12 that the defendant agreed to reimburse the plaintiff for "all expenses and reasonable attorney fees it CT Page 10842 [plaintiff] may incur to enforce any provision of this agreement. . . ." A copy of this written "time sheet" agreement was attached to the plaintiff's Memorandum of Law as an exhibit.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint.., to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora Aetna Life and Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does riot admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to trike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
"The general rule of law known as the "American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful litigant absent a contractual or statutory exception." (Internal quotation marks omitted.) Roman v. Johnson,48 Conn. App. 498, 503, 710 A.2d 186 (1998); Rizzo Pool Co. v.DelGrosso, 240 Conn. 58, 72 (1997).
The court finds that the plaintiff has alleged in paragraph 7 of the First, Second and Third Counts that a contractual relationship was established between the plaintiff and the defendant. As stated CT Page 10843 previously, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchardv. People's Bank, 219 Conn. 465, 471 (1991).
Accordingly, the motion to strike is denied.
The Court
By Arnold, J.