[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE 
The plaintiff brought this action against the defendant alleging that on November 1, 1997, she was injured when an automobile operated by the defendant collided with an automobile being operated by the plaintiff In the first count of the complaint, the plaintiff alleges a cause of action based on negligence and in the second count of the complaint, she alleges a cause of action based on common law recklessness.
The defendant filed a motion to strike the second count of the complaint and the related prayers for relief wherein the plaintiff seeks punitive damages and attorney's fees. The defendant contends that the CT Page 206 plaintiff has not sufficiently pleaded a cause of action for common law recklessness and provides no statutory support for such a claim or for the prayer for relief seeking attorney's fees. For the reasons set forth below the motion to strike is denied.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged. . . .The court must construe the facts . . . most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15 (1992).
DISCUSSION 
I. The Second Count — Recklessness
In the first count of the complaint, the plaintiff alleges negligence predicated on several recited specifications, including those related to a failure to make a proper left-hand turn and moving into traffic in an unsafe manner from a parked position. The second count alleges an "improper and dangerous left-hand turn" made "without regard for others" and that the defendant "recklessly and dangerously pulled out into oncoming traffic." (Complaint, count two paragraph 6.)
"There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Brock v. Waldron, 127 Conn. 79, 81
(1940). "Recklessness is a state of consciousness with reference to the consequence of one's acts. . . .It is more than negligence, more than gross negligence. . . .The state of mind amounting to recklessness may be inferred from conduct." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532 (1988). Recklessness must be pleaded in a separate count. Kostivk v. Queally, 159 Conn. 91, 94 (1970). No specific rule can be established which will determine what constitutes reckless or wanton misconduct on any given state of facts, and it is a question of fact for the jury. Coner v. Chittenden, 116 Conn. 78, 81-82 (1932).
The plaintiff has set forth a separate count in the complaint that alleges common law recklessness. The second count does more than simply recharacterize the allegations related to the negligence alleged in the first count. Viewing the allegations of the second count in the light most favorable to the plaintiff together with the inferences reasonably drawn therefrom, the court finds that the allegations of recklessness are CT Page 207 sufficient. Therefore the motion to strike count two of the complaint is denied.
II. The Prayer For Relief 
The defendant's motion to strike also addresses the prayers for relief for punitive damages and attorney's fees relative to the second count. A motion to strike may be used to contest the legal sufficiency of any prayer for relief in any complaint. Practice Book § 10-39(a)(2). If the relief requested in a prayer for relief does not correspond to the allegations contained in the complaint, a motion to strike a prayer for relief should be granted. Lessler v. Sundwall, Superior Court, judicial district of Litchfield, Docket No. 55578 (March 9, 1994, Pickett, J.). In order to recover punitive damages the pleadings must allege recklessness. See Berry v. Loiseau, 223 Conn. 786, 811 (1992). Attorney's fees may be awarded . . . as a component of punitive damages. Roman v.Johnson, 48 Conn. App. 498, 503 (1998); Farrell v. Farrell,36 Conn. App. 305, 311 (1994).
Because the court has denied the defendant's motion to strike the second count of plaintiff's complaint which alleges recklessness, the motion also fails as to the related prayers for relief.
CREMINS, J.