[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
On January 6, 1999, the plaintiff, Cornerstone Bank, filed a single count complaint against the defendants, Oak Street Center, Incorporated, f/k/a Girls Incorporated of Stamford, (Oak Street), and Advanta Business Services Corporation, seeking foreclosure of a mortgage on property owned by Oak Street known as 39-41 Oak Street, Stamford, Connecticut.[1] In the complaint, the plaintiff alleges that by a note dated December 27, 1995, Oak Street by its president, Josephine McArthur, promised to pay to the plaintiff the principal sum of $150000, payable with interest as provided for: in the note. The plaintiff also alleges that by a mortgage deed of that date, Oak Street, to secure the note, mortgaged to the plaintiff a parcel of land designated as 39-41 Oak Street, Stamford, Connecticut, of which Oak Street was then the record owner. On December 28, 1995, the plaintiff recorded the mortgage deed in the Stamford land records.[2]
On December 27, 1995, Oak Street, to further secure the note, executed an assignment of rents to the plaintiff for the premises at 39-41 Oak Street, Stamford, Connecticut. On December 28, 1995, the assignment of CT Page 527 rents was recorded by the plaintiff in the Stamford land records. The note, mortgage and assignment of rents are now owned by the plaintiff There are no encumbrances of record prior in right to the plaintiff's lien being foreclosed by this action.
On June 27, 1996, the balance of the principal and interest on the note was due and payable in full. On November 16, 1998, the plaintiff subsequently demanded in writing full payment from Oak Street, which is the record owner of the premises and is currently in possession thereof The demand letter states that as of November 30, 1998, the amount of principal and interest due to the plaintiff was $154771. Oak Street did not make, however, payment in full of the note.
On September 21, 2000, Oak Street filed an answer, special defense and counterclaim to the plaintiff's complaint. The counterclaim consists of four numbered paragraphs. The first paragraph alleges that "[t]he defendant and the plaintiff had a fiduciary relationship of lender and borrower on which the defendant relied . . . to its harm, thereby breaching its covenant of good faith and fair dealing." The second paragraph alleges that "[w]ith no actual fraudulent intent, the plaintiff Bank misled the defendant to its prejudice on the advice of the plaintiff Bank, thereby breaching its fiduciary duty to the defendant." The third paragraph alleges that "[p]ublic concerns are affected in that the defendant provides a uniquely valuable service to the community . . . because it is a not for profit after school enrichment program. . . ." The fourth paragraph alleges "[t]he plaintiff Bank is fully secured."
On September 27, 2000, the plaintiff filed a motion to strike Oak Street's counterclaim and the corresponding prayer for relief in their entirety. The plaintiff's motion is accompanied by a memorandum of law in support of the motion. The plaintiff moves to strike on the ground that Oak Street's counterclaim fails to state a claim upon which relief can be granted in that it does not assert a legal theory for recovery which is recognizable in this state. Oak Street has not filed an objection to the plaintiff's motion to strike.
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . .A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.)Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985). A motion to strike is the appropriate legal mechanism to attack the legal sufficiency of a prayer for relief See Practice Book § 10-39(a)(2); Totino v. Zoning Board of Appeals, CT Page 52841 Conn. Sup. 398, 400, 570 A.2d 681 (1990); Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133, 471 A.2d 681
(1983).
In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint, counterclaim, cross-claim or prayer for relief], construed in favor of the [nonmoving party], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "Insofar as the motion to strike is directed at the entire [counterclaim], it must . . . fail if any of the [defendant's] claims are legally sufficient." (Internal quotation marks omitted.) Whelan v. Whelan, 41 Conn. Sup. 519, 520,588 A.2d 251 (1991).
The four paragraphs of Oak Street's counterclaim, neither collectively nor individually, are sufficient to state a cause of action recognizable in this state. The first paragraph alleges breach of the covenant of good faith and fair dealing. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . .Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Id., 237. In Connecticut, "[t]he implied covenant of good faith and fair dealing has been applied . . . in a variety of contractual relationships. . . ." Magnan v. Anaconda Industries, Inc., 193 Conn. 558,566, 479 A.2d 781 (1984). "The claim has also been allowed in a lender-borrower relationship." Morrissey v. Connecticut National Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506035 (February 23, 1993, Hennessey, J.); see also EconomicDevelopment Associates v. Cititrust, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 052665 (March 27, 1991, Dranginis,J.) (3 Conn.L.Rptr. 403); Sorvillo v. Strother, Superior Court, judicial district of New London at New London, Docket No. 501400 (October 1, 1987, Leuba, J.) (2 C.S.C.R. 1095).
Oak Street fails to allege the existence of a contract, the contract CT Page 529 provisions that the plaintiff breached and that the plaintiff acted in bad faith in breaching, namely, that the plaintiff acted fraudulently, deceitfully or with some interested or sinister motive. Therefore, none of the allegations of the counterclaim are sufficient to allege a cause of action for breach of the covenant of good faith and fair dealing.
The second and third paragraphs of the counterclaim purport to allege the existence and breach of a fiduciary duty owed by the plaintiff to the defendant by virtue of their lender-borrower relationship. "Generally there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer." SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 19, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "Instead, a fiduciary relationship exists where there is a justifiable trust confided on one side and a resulting superiority and influence on the other." (Internal quotation marks omitted.) Id., 18. "A fiduciary relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interest of the other. . . .The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him. . . .A bank, as a mortgagee lender, may be the fiduciary of the mortgagor borrower when the bank becomes the borrower's finaiicial advisor." (Citations omitted; internal quotation marks omitted.) Id.
Oak Street fails to allege any facts that would transform a lender-borrower relationship into a fiduciary relationship between the plaintiff and Oak Street. Oak Street's characterization of the plaintiff as a "fiduciary" is, therefore, a legal conclusion without supporting facts. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 673, 613 A.2d 838
(1992) (motion to strike properly granted where complaint alleges legal conclusions unsupported by facts). Accordingly, the counterclaim fails to allege sufficiently a cause of action for breach of fiduciary duty.
The third and fourth paragraphs of the counterclaim appear to allege, respectfully, the defendant's opinion as to its value to the community and the fact of the plaintiff's secured status. Nothing in these allegations, however, purports to allege a legally sufficient cause of action. In sum, the defendant's counterclaim fails to allege sufficiently a cause of action for breach of the covenant of good faith and fair dealing, breach of fiduciary duty or any other legally cognizable cause of action. Accordingly, the court grants the plaintiff's motion to strike Oak Street's counterclaim and the corresponding prayer for relief.
HICKEY, JUDGE TRIAL REFEREE CT Page 530