[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO COMPEL
The plaintiff's motion to compel is denied.
Plaintiff has moved for an order to compel her previous counsel to turn over her file. Previous counsel has retained the file asserting a "retaining lien" until plaintiff either pays her outstanding bill for services rendered, furnishes adequate security or signs a mutually acceptable arrangement with her. Connecticut has long recognized such a lien. See Gager v. Watsopn, 11 Conn. 168 (1826). The rule as recently as 1987 was again confirmed by our Supreme Court. Marsh, Day Calhounv. Elizabeth Solomon, 204 Conn. 639. It has been cited by our Supreme Court as recently as 1997 (see Rizzo Pool Company v. Daniel DelGrasso, etal, 240 Conn. 58, 73) and by our Appellate Court as recently as 1998. (See Roman v. Johnson, 48 Conn. App. 498, 502.) In Marsh, Day Calhoun the court stated:
 ". . . barring unforeseen circumstances, such as prejudice to the rights of a client, an attorney is under no obligation to release the files of a client unless there has been payment, the furnishing of adequate security or, of course, a mutually acceptable arrangement between the parties." Marsh, Day Calhoun, supra at 646.
The plaintiff claims for the first time in her brief that the attorney retaining her file was discharged for good cause. In the case of Marsh,Day Calhoun, supra, our Supreme Court states:
"A self-executing lien is not an absolute right but is merely a method for an attorney to protect his proper fee. There are a number of exceptions to the right to impose a retaining or possessory lien. (Citation omitted.) It cannot be utilized, for example, if the CT Page 1198 attorney has withdrawn voluntarily or has been discharged for good cause, including negligence and other misconduct." (Citations omitted.) Marsh, Day Calhoun, supra, at 645, 646."
Based upon counsel's representations, it is clear the attorney retaining the file had been retained by the plaintiff. It is further clear that plaintiff has now sought new counsel and that that counsel has asked that plaintiff's file be turned over to him. It is agreed that former counsel has not been paid in full and that she is asserting a retaining lien until she receives payment, is furnished adequate security or the plaintiff and the retaining attorney reach a mutually acceptable arrangement. Neither party has offered evidence upon this motion. In her brief, plaintiff asserts prior counsel's discharge was for good cause. The attorney retaining the plaintiff's file asserts that she was terminated because she and the plaintiff "did not see eye-to-eye." She asserts further that the plaintiff has access to all of the documents in the file either "through the court or through the other attorneys involved in the case."
The facts relating to this discharge of the former counsel and the question of plaintiff's need for the file are questions of fact. The plaintiff has the burden of proof to show these facts. The plaintiff has not identified any circumstances that would require any exception to the general rule.
In her reply brief, the plaintiff asserts "that the self executing lien deprives her of her right to due process of law under the federal and state constitutions. Without [the attorney's] file, the plaintiff will be deprived of her constitutional right to due process. As such, a retaining lien cannot be upheld when such constitutional issues are being disprived." Again, plaintiff has produced no evidence to substantiate such claims, nor, indeed, stated how her right to due process has been deprived. Simple bold-faced statements regarding deprivation of due process are not sufficient to establish this claim.
As previously stated, the motion is denied.
___________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 1199